O. C. GATES, APPELLEE, v. B. F. JOHNSON, APPELLANT.

FILED DECEMBER 8, 1898. No. 8529.

1. **Conflicting Evidence:** REVIEW. In an appeal to this court the findings of a trial court, if upon conflicting evidence, will not be disturbed unless clearly wrong.

2. **Partnership:** DEFINITION. "Copartnership is a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and to

divide the profits or bear the loss in certain proportions. Following Kent's definition, 3 Comm. 34." (*Waggoner v. First Nat. Bank of Creighton*, 43 Neb. 84.)

3. ———: COMMUNITY OF INTEREST. A community of interest in the profits as such, of a business venture, and not by way of payment or compensation for services or other assistance therein, may be sufficient to constitute a copartnership.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Affirmed.*

*B. F. Johnson*, for appellant.

*Stewart & Munger*, contra.

HARRISON, C. J.

In an action by the appellee against the appellant in the district court of Lancaster county to recover an alleged share of the profits derived from the erection of a building, the former was successful and the matter has been appealed to this court. The determination of the litigated issues in the trial court hinged upon the question of the existence or non-existence of a partnership between the parties to the suit at the time or during the performance of the building contract. It is here asserted for the appellant that the evidence was insufficient to support the finding that there was a partnership. Suffice it to say on this subject that an examination of the evidence develops that in it there was a conflict on the issue of a partnership or non-partnership, and that it was somewhat evenly balanced, but with sufficient to sustain a finding of either, which being true, the settlement of the question by the trial court must be given recognition, and prevail. It cannot be said that the conclusion of the district court was clearly wrong or had not sufficient evidence in its support. (*Hunt v. Huffman*, 41 Neb. 244; *Steinkraus v. Korth*, 44 Neb. 777.) For a definition of copartnership, and that a community of interest in a business enterprise, venture, or undertaking and the profits thereof may constitute it, without an express agreement

to share any losses, see *Waggoner v. First Nat. Bank of Creighton*, 43 Neb. 84. The judgment of the district court is

.AFFIRMED.