MARY A. TOPPING, APPELLANT, V. JOHN JEANETTE ET AL., APPELLEES.

FILED MAY 21, 1902. No. 11,718.

Commissioner's opinion, Department No. 2.

1. **Reformation of Written Instrument:** EVIDENCE OF MISTAKE. In order to justify reformation of a written instrument in any substantial particular, the evidence of mistake must be clear, convincing and satisfactory.

2. ————: ————: REASONABLE DOUBT: EVIDENCE. But it is not required that mistake be shown beyond a reasonable doubt; and where the extrinsic evidence is full, unequivocal and satisfactory, the terms of the instrument alone will not suffice to sustain a decree denying reformation.

APPEAL from the district court for Otoe county. Heard below before JESSEN, J. *Reversed.*

*John C. Watson, Robert Ryan* and *John V. Morgan,* for appellant.

*James W. Eaton* and *Alva L. Timblin, contra.*

POUND, C.

This is a suit in equity for reformation of a mortgage executed and delivered by plaintiff and her husband to one Eugene Cusson, now deceased, whose executors are defendants. The plaintiff alleges in her petition that the mortgage in question was executed and delivered to said Cusson to secure a debt due the latter from William Topping, her husband; that she signed the note merely as surety for her husband; that at the time the mortgage was executed, her husband was the owner of certain prop-

erty in Nebraska City, specifically described, which property and none other was intended to be included in the mortgage given to secure payment of said indebtedness; that the conveyancer who drew the mortgage by mistake included therein, in addition to her husband's said property, lot 1, in section 31, township 8, range 15, Otoe county, which was and is her separate property, and was not intended to be mortgaged; that she did not read the mortgage, nor was it read to her before she signed and acknowledged it, but she was informed and supposed that she was signing a mortgage on her husband's property alone; that neither she nor the mortgagee intended that the lien should extend to her own private property; and that her said separate property was included in the mortgage by mutual mistake of the parties. The defendants filed a general denial, and also a plea of the statute of limitations. But the latter is defective in form and without support in evidence, so that we need not consider it. The court found generally for the defendants, and dismissed the suit.

It appears in evidence that William Topping, husband of plaintiff, owned certain property in Nebraska City. Plaintiff was the owner of a farm six or seven miles distant from the city, which was her separate property. Mr. Topping applied to two loan brokers for a loan of $500, which he offered to secure by a mortgage upon his Nebraska City property. One of the brokers proposed the loan to the mortgagee, telling him that it would be secured by mortgage upon said city property, and the mortgagee consented to make the loan, and did so. There was a prior mortgage called the "Roddy mortgage" upon both tracts. One of the brokers, in drawing the mortgage, copied the description from the Roddy mortgage, being misled, apparently, by the fact that the city tract was described by metes and bounds, while the farm land bore the unusual designation of "Lot 1," etc. Mr. Topping testifies positively that he did not know his wife's property was included, and that the instrument was not read to her

before she signed it. The plaintiff testifies to the same effect; and also that she was told by the notary the instrument was a mortgage·on the city property, and that she would not have signed it had she known her land was included. The notary does not dispute this testimony.

We do not think the finding of the lower court can stand. Undoubtedly, in order to justify reformation of a written instrument in any substantial particular, the evidence of mistake must be clear, convincing and satisfactory. *Slobodisky v. Phenix Ins. Co.*, 52 Nebr., 395; *Home Fire Ins. Co. v. Wood*, 50 Nebr., 381; *Schrimper v. Chicago, M. & St. P. R. Co.*,* 82 N. W. Rep. [Ia.], 916; *Potter v. Potter*, 27 Ohio St., 84. This statement must not be misunderstood. It is often said that the mistake must be established indubitably or beyond a reasonable doubt. Such is not the rule in this state. A preponderance of the evidence is all that is required in any civil action. The express terms of a written instrument, or the relations of the parties concerned therein, may raise such presumptions that proof of more than ordinary cogency is required to create a preponderance. Until overcome by clear and convincing proof, the terms of the instrument stand as evidence of the intention of the parties. *Doane v. Dunham*, 64 Nebr., 135; *Stall v. Jones*, 47 Nebr., 706. This is as far as the rule goes. Where the extrinsic evidence is full, unequivocal and satisfactory, the terms of the instrument alone will not suffice to sustain a decree denying reformation. It can not be said that there has been a finding on conflicting evidence, within the meaning of the established rule of this court, in such a case. In the case at bar, the evidence is very clear and full. The conveyancer tells us that he copied the description from the Roddy mortgage, which included both tracts; and the two descriptions are such as to lead the reader not unnaturally to take the one as defining or explaining the other. The broker who negotiated with the mortgagee says he proposed the city property as se-

*Does not appear in 111 Iowa.—REPORTER.

curity, and the latter assented thereto. It appears, also, that the tract owned by plaintiff was then worth but little, and did not become valuable till a later date. Hence there is nothing to make it probable that her property was relied on. The testimony of plaintiff and her husband is clear and positive. The notary, on the whole, corroborates them. There is nothing to the contrary beyond the face of the instrument, a statement of the mortgagee that he had other security made long afterwards, when the city property was under foreclosure for taxes, and the fact that the Roddy mortgage, which covered both tracts, was paid about the time the one in dispute was executed. The witness who heard the mortgagee say he had other security did not understand him to refer to the tract owned by the plaintiff, and the statement is perfectly consistent with her case, since her personal liability as surety might have been meant. Mr. Topping testifies that he paid the Roddy mortgage with his own funds, and used the proceeds of the loan to buy cattle. Consequently there is no such presumption as might have arisen if the mortgage in controversy had, as it were, replaced the prior incumbrance. We are of opinion that the finding and decree are contrary to the evidence, and should be set aside. The ordinary course would be to render a new decree or to direct a decree for plaintiff in the district court. But we are not entirely satisfied with the former trial; and as it appears that a foreclosure suit is now pending, in which case, or on a new trial of this one, or upon consolidation, as the parties may be advised, the facts may be fully developed, we think the interests of justice will be subserved by remanding this cause for further proceedings only. Such course has been adopted frequently under like circumstances. *Clemons v. Heelan*, 52 Nebr., 287; *Medland v. Linton*, 60 Nebr., 249; *Nebraska Moline Plow Co. v. Fuehring*, 60 Nebr., 316.

We therefore recommend that the decree be reversed and the cause remanded for further proceedings.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.