MILAN D. BAKER, APPELLEE, V. JOHN R. MONTGOMERY,
APPELLANT.

FILED JANUARY 5, 1907. No. 14,607.

1. **Reformation of Instruments.** A court of equity will reform a written contract when the proof is clear, convincing and satisfactory, and free from reasonable controversy that a mistake was made in omitting a material provision agreed to by both parties.

2. **Contracts: VACATION: EVIDENCE.** Evidence examined, and *held* to require a finding that a written contract prohibiting a physician from practicing medicine and surgery within a certain territory was not set aside, canceled and superseded by a subsequent parol agreement.

3. **Harmless Error.** Rulings of the trial court on the admission and rejection of evidence examined, and *held* not prejudicial error.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Allen & Reed,* for appellant.

*M. B. Foster* and *E. A. Baker, contra.*

EPPERSON, C.

On July 10, 1905, the plaintiff, Milan D. Baker, and the defendant, John R. Montgomery, two physicians residing in Madison county, entered into the following written contract (Exhibit B) : "This agreement made and entered into this 10th day of July, 1905, by and between Dr. John R. Montgomery of Madison, Nebraska, party of the first part, and Dr. M. D. Baker of Tilden, Madison county, Nebraska, party of the second part, Witnesseth: That said Dr. John R. Montgomery for the consideration of one thousand dollars in hand paid by Dr. M. D. Baker, as per bill of sale entered into herewith, including office furniture and fixtures thereunto appertaining, and also together with the good-will of his profession heretofore carried on there by said Dr. John R.

Montgomery, agrees to remain in the office with said Dr. M. D. Baker for the period of one month as a professional introduction of the said Dr. Baker to the people of Madison and vicinity. And it is further agreed that during the time of this introduction, which may extend beyond the period of one month or as long as parties agree, shall share and share alike both the profits and the bad accounts of the business done during the said time of introduction. The said Dr. John R. Montgomery shall not at any time after retiring from the period of introduction of said Dr. Baker, either alone, or jointly with, or as agent or representative of any person or interest whatsoever, or upon any account or pretense set up, exercise, carry on, be interested in, or encourage said profession within Madison, Nebraska, or encourage any opposition to said profession carried on by his successor in the same, nor disclose or make known any of the accounts, secrets or transactions relating to said profession, for a period of 15 years, unless within the office of Dr. M. D. Baker, or with his written and authorized consent. Witness our hands this 10th day of July, 1905, at Madison, Nebraska. (Signed) John R. Montgomery, M. D. (Signed) Milan D. Baker, M. D. Fred H. Davis."

Upon the execution of this agreement, plaintiff and defendant immediately began the practice of their profession as Montgomery & Baker in office rooms formerly occupied by defendant in the city of Madison and continued their joint practice until October, 1905. At that time Montgomery published notice of dissolution, withdrew from the office jointly occupied with Baker to other rooms in the same building, and, without Baker's consent and in violation of the above contract, practiced as a physician and surgeon in Madison, Nebraska. Thereupon plaintiff brought this action and secured a reformation of the written agreement and an injunction prohibiting defendant from practicing in the city of Madison and vicinity for a period of 15 years. Defendant appeals.

1. Defendant's first insistence is that the court erred in

decreeing a reformation of the written contract. The agreement (Exhibit B) prohibits Dr. Montgomery from practicing medicine and surgery "within Madison, Nebraska." The contract as reformed by the court prohibits Montgomery from practicing "within Madison, Nebraska, or its vicinity." Whether it was necessary to reform this agreement before issuing an injunction restraining defendant from practicing in Madison and vicinity may well be doubted. It would seem that a fair construction of the agreement, as written, is that Baker purchased Montgomery's practice, which both parties understood to extend half way to neighboring towns and to include country as well as city practice. However this may be, we are convinced that the trial court was justified in reforming the instrument. The evidence clearly and satisfactorily shows that the scrivener, through mistake, omitted to insert the words "or its vicinity" after "Madison, Nebraska." This clause was discussed by the parties, and plaintiff suggested that it be written "Madison and vicinity," while the defendant said: "Make it Madison county, if you want to." The scrivener testified that he took notes of the terms agreed upon by the parties; that he was in somewhat of a hurry to get to a train, and that it was his error in failing to insert in the contract the words "or its vicinity." It is true the parties read the document before signing it, but plaintiff explains that he glanced it over hurriedly because the scrivener wished to reach his train, and because it was understood that defendant was going to leave on account of his wife's health, and he (plaintiff) had no idea that the contract would ever be called in question. It is also true that plaintiff took no steps to rectify the mistake until this litigation was commenced, and that defendant denied the existence of any error in the wording of the agreement; but defendant's testimony on this point was contradicted by a disinterested witness, and, in view of other disinterested witnesses challenging the truth of defendant's statements concerning other material matters during the trial, we think the lower court was justified

in rejecting his testimony, and holding that the proof was clear, convincing and satisfactory, and free from reasonable controversy that a mistake was made by the omission of this provision in reducing the contract to writing.

2. Defendant's second contention is that the written contract was set aside, canceled and superseded by a subsequent parol agreement. Defendant testified that about two weeks after the execution of the written contract he and plaintiff abandoned the same and made a new arrangement; that a partnership was formed by parol agreement under the name and style of "Montgomery & Baker"; that defendant "was to put up his experience against plaintiff's investment"; that the proceeds and expenses were to be equally divided, and that the firm advertised their business and practiced medicine and surgery in Madison under this arrangement until October, 1905. The testimony is undisputed that defendant introduced plaintiff to many persons as his partner, and that all business was transacted as Montgomery & Baker and their accounts kept as such. It is certain that the parties practiced medicine under a partnership arrangement of some kind. But the existence of a partnership subsequent to the date of the written contract is not the disputed question in the case. The real conflict here is whether plaintiff and defendant practiced as partners under a subsequent parol agreement, as contended by defendant, or under the terms of the original written contract, as claimed by plaintiff. Upon the solution of this question of fact depends the result of this suit.

The original contract contemplated that the parties should practice together for a month or longer, sharing the profits and bearing the losses equally. Hence, their relation during this period of introduction might well be construed as constituting a partnership under definitions, approved by this court. *Gates v. Johnson,* 56 Neb. 808; *Waggoner v. First Nat. Bank,* 43 Neb. 84. Plaintiff testified that he and defendant practiced under the original contract as Montgomery & Baker for three months

immediately following July 10, 1905 (the date of Exhibit B), and that he thought they were partners under that agreement during the period of introduction mentioned therein. Plaintiff positively and specifically denied defendant's testimony that an arrangement or agreement for a partnership other than the written contract was entered into, and denied that there was any conversation on that subject as testified to by defendant. Plaintiff's testimony that whatever partnership relation existed between them was by virtue of the original contract is strongly corroborated. It appears that while the original contract was in process of preparation Dr. Montgomery proposed that possibly it would be better for them to pose as partners during the period of introduction. It also appears that on the day the original agreement was executed the parties began advertising under the name of "Montgomery & Baker," and ordered stationery to be printed in the firm name; that on the same day the sign on the office door was ordered changed so as to read: "Doctors Montgomery & Baker"; that on the same day defendant began introducing plaintiff as his new partner, and their professional card as "Montgomery & Baker" was published in the first issues of the local papers after July 10, 1905. Written by defendant above the entries of July 10 in the account book used by the parties are the words: "Dr. Baker begins." Nowhere after this entry is there any indication that a different arrangement was subsequently made. Plaintiff's positive testimony that no partnership agreement was entered into after the execution of the original contract, corroborated as it is by disinterested witnesses, and found true by the trial court, leads irresistibly to the conclusion that no subsequent partnership arrangement was made; that the original written contract was not set aside, canceled or superseded by a subsequent parol agreement, and that defendant's second contention is devoid of merit.

3. Finally, defendant calls our attention to rulings of the court in admitting evidence offered by plaintiff over

objection.    We find sufficient competent evidence in the record to sustain the judgment, and the admission of the evidence complained of was without prejudice.

The judgment of the district court is clearly right, and we recommend that it be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.