SUTHERLAND STATE BANK, APPELLANT, v. M. F. DIAL ET AL., APPELLEES.

FILED FEBRUARY 1, 1919. No. 20310.

1. **Bills and notes: ACTION: PARTIES.** A bank which furnishes the consideration for a negotiable promissory note, but takes it payable to a third party, expecting it to take over the note for the consideration, which it failed to do, and which note remains the property of the bank, may without indorsement or assignment maintain an action in its own name on the instrument when such facts are stated in the petition.

2. **Contracts: REFORMATION.** In order to warrant the reformation of a written instrument in any material respect, the evidence must be clear, convincing and satisfactory, and until overcome by such proof, the terms of the instrument must stand as evidencing the intention of the parties.

3. ———: ———: BURDEN OF PROOF. The burden of proof is upon those who seek to reform and change the terms of a written instrument. Evidence examined, and *held* that this burden has not been met in this case.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed, with directions.*

*Beeler & Crosby,* for appellant.

*Albert Muldoon, contra.*

.LETTON, J.

Action upon a promissory note signed by the defendants, Dial and Laubner, as makers, payable to the Welpton Investment Company, and not assigned or indorsed to plaintiff. The defendants admit they signed the note, but plead, in substance, that the money for which the note was given was not borrowed by them, but by the Farmers Alfalfa Milling Company; that the note was signed by them as officers of that company, and the money was credited to and checked out by it. They pray that the note be reformed by striking out their names and attaching the name of the milling company. The court transferred the case to the equity side of the docket, tried it without a jury, found for the defendants, and dismissed the action. Plaintiff appeals.

The officer of the plaintiff bank, who made the loan, was not present at the trial, but it was admitted he would testify as set forth in an affidavit for continuance. In substance this is as follows: That in December, 1909, he loaned the sum of $2,500 to the defendants; the note taken was made payable to the Welpton Investment Company, with the expectation of the bank to deliver the note to the Welpton Investment Company, but this was not done, and it remained the property of the bank; that defendants tried to sell him a number of notes of the milling company, but he refused to buy them, or to make a loan to that company because it was then in financial disrepute; that part of the debt has been paid, leaving still due the amount of $1,586.48.

Defendants testify, in substance, that they were directors of the Farmers Alfalfa Milling Company; that this company owned $3,300 worth of notes given in payment for stock subscriptions; that at a meeting of the company in December, 1909, a motion was carried that the treasurer be instructed and given power to borrow $2,500 or more on the notes of the Farmers Alfalfa

Milling Company. Dial was treasurer of the company. He and Laubner took these notes to the plaintiff bank and attempted to sell them to Mr. Worrell, the cashier. Worrell asked Dial for his authority, and he told him the board had directed him to do this. Worrell then told Dial to get a copy of the minutes. In about two weeks they went back with a copy of the minutes, Worrell read them, looked the notes over, said they were all good except one, and said he would loan the money on the notes. Dial says: "I asked him if the president shouldn't sign (the note), and he said, 'There is none of you here but you and Leonard (Laubner). You and Leonard just sign.'" He (Worrell) put the minutes of the meeting and the $3,300 worth of notes all together, laid them on the table, and said, "That clears you."

The money was deposited to the credit of the Milling company and was drawn by it. Dial testified that Worrell said, "'You are treasurer and director, and Leonard (Laubner) is director,'" and "'this here protects you,' pointing to the minutes." Both defendants deny that Worrell told them he would not loan the money to the milling company. The original note was renewed. The note in suit is for $2,000, and is dated July 22, 1910.

A witness for defendants, apparently disinterested, testified that he heard a conversation in the bank in December, 1909, that "Mr. Dial had a bunch of notes he wanted to sell to Mr. Worrell, and Worrell looked through the notes and told Mr. Dial he wouldn't buy them, but would loan him, I think, $2,500 and take the notes as collateral." "Q. Was there any other conversation as to any statements Mr. Dial made to Mr. Worrell with reference to the money and what he wanted it for? A. Yes, he said he wanted it for the Alfalfa Milling Company. Q. Anything else you remember? A. That is about all."

Another witness, apparently equally disinterested, testified for plaintiff that he heard Worrell say to defendants, "I won't loan the Alfalfa Milling Company any money, but I will loan you and Laubner the money."

Plaintiff relies on the rule that parol evidence will not be received to vary or contradict the terms of a written instrument. Defendants concede this to be the general rule, but insist that in equity they are entitled to show what the actual agreement was, and that they were only acting as agents for the milling company. Assuming without deciding, that, where there is nothing on the face of the instrument to show that the signers were acting for another, this right exists, do the facts warrant a decree of reformation? The minutes of the corporation meeting of December 13, 1909, recite: "Motion made by W. D. Linden, that the treasurer be instructed and is hereby given power to borrow $2,500 or more on the Farmers Alfalfa Milling Company notes, of Hershey, Nebraska. Seconded by Anderson. Motion carried."

Laubner is not mentioned in the motion, hence he had no authority to act for the corporation, and his signature could not bind it. It could only bind him personally. Even as to the treasurer, when it is remembered that the milling company had about $3,300 in farmers' notes on hand, this motion is ambiguous. Does it mean that the treasurer is authorized to borrow on notes to be executed by the corporation, or that he is authorized merely to pledge the notes then held by it?

The Negotiable Instruments Act provides: "Where the instrument contains or the person adds to his signature words indicating that he signs for or in behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal does not exempt him from personal liability." Rev. St. 1913, sec. 5338.

It is settled law that, in order to justify the reformation of a written instrument, the proof that it does not conform to the intention of the parties, and was made by mistake, must be clear, convincing and satisfactory. While a preponderance of the evidence is all that is required, the fact that the note bears no evidence upon its face that it is other than the individual obligation of the men who signed it raises a strong presumption, and under the statute almost an unrebuttable, that the defendants did just what they intended to do, and that it is their individual obligation. Unless this presumption is overcome by convincing proof, the instrument must stand as it was written. This court has stated these principles repeatedly. *Topping v. Jeanette,* 64 Neb. 834, and cases cited in opinion. Also, *Baker v. Montgomery,* 78 Neb. 98; *Bingaman v. Bingaman,* 85 Neb. 248.

It is a significant circumstance that the note sued upon is not the original note, but a new obligation given after its maturity, and at a time when the evidence indicates it was well known that the corporation was in financial straits. Moreover, the direct testimony by an apparently disinterested witness that he heard the banker refuse to make the loan to the corporation, but offer to make it to the defendants themselves, seems to us entitled to much weight.

We are of the opinion that the surrounding circumstances, when all the testimony is considered, tend to weaken rather than strengthen the defendants' testimony, and that the evidence is not sufficient to justify the reformation prayed.

Defendants insist that the judgment should stand, for the reason that the note was on its face payable to the Welpton Investment Company, and there is no indorsement or assignment from that company to the plaintiff. They objected to its introduction in evidence on that ground. As a general rule, an action on a negotiable promissory note must be brought in the

name of the payee, indorsee or assignee, but the petition pleads that, though the note was made payable to the Welpton Investment Company, and plaintiff intended to deliver the same to it, this was never done, and plaintiff is now the owner and holder of the note, and entitled to the money due thereon.

It is in evidence that the note was made payable to the Investment Company, "with the expectation, as was customary, for said plaintiff bank to deliver said note to said Welpton Investment Company, and with the expectation that said Welpton Investment Company would refund to said plaintiff the consideration for said note, but that said note was not delivered to said Welpton Investment Company, and that said note remained the property of the Sutherland State Bank, and that said Sutherland State Bank furnished the consideration."

The petition sets forth a good and valid reason in equity why the suit was brought in the name of plaintiff, and the evidence supports its allegations. 3 R. C. L. p. 991, sec. 199. No one else had any real or actual interest in the instrument, and the action must be brought in the name of the real party in interest. It has been held: "The owner of a promissory note, in which a third party by mistake or inadvertence is named as payee, may sue on it without indorsement, on proof of such ownership by evidence other than the note." *Spreng v. Juni*, 18 Am. & Eng. Ann. Cas. 222, 109 Minn. 85. This principle applies.

Considering the whole transaction, we are satisfied that plaintiff is entitled to maintain the action in its own name, and that the defendants have not sustained the burden of proof in their cross-action to reform the instrument. The judgment of the district court is therefore reversed, with instructions to ascertain the amount due upon the note, and render judgment accordingly.

REVERSED.

SEDGWICK, J., not sitting.