BENJAMIN A. SIMMONS, APPELLEE, V. RICHARD L. BAKER ET AL., APPELLANTS.

FILED MARCH 12, 1923. No. 22259.

1. **Appeal: REVIEW.** In a law action, begun to recover a payment of money made by plaintiff on an executory written contract for the purchase of real estate, on the ground of fraud, where the defendants denied the alleged fraud, and prayed for specific performance of the contract, the issue is triable to the court without a jury. In such a trial the function of a jury, if one is called, is advisory only. No error can be predicated upon the giving or refusal of instructions.

2. **Vendor and Purchaser: FRAUD: SUFFICIENCY OF EVIDENCE.** Evidence examined, and found sufficient to sustain the decree of the district court awarding relief to plaintiff and refusing specific performance.

APPEAL from the district court for Wheeler county: EDWIN P. CLEMENTS, JUDGE. *Affirmed.*

*Halligan, Beatty & Halligan,* for appellants.

*A. L. Bishop* and *Prince & Prince, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and ALDRICH, JJ., RAPER, District Judge.

RAPER, District Judge.

Action at law was begun by plaintiff to recover from defendants a payment that had been made by plaintiff on a contract for purchase of land. The defendants Baker and Peterson, appellants, in their answer denied plaintiff's right of recovery, and prayed for specific performance of the agreement. The issue, therefore, be-

Simmons v. Baker.

came triable to the court without a jury. *Card v. Deans*, 84 Neb. 4. However, the court called a jury in an advisory capacity. O. B. Clark and the Bank of Stapleton were, in plaintiff's petition, joined with Baker and Peterson as defendants. Under peremptory instruction, the jury found for Clark and the bank, and the principal issue between plaintiff and Baker and Peterson was submitted to the jury, who found a general verdict for plaintiff, which the court confirmed and adopted as the finding of the court, and further found generally for plaintiff and against defendants Baker and Peterson. Decree was rendered against the appellants on their prayer for specific performance, and plaintiff was awarded the full amount of the payment he had made on the contract, with interest. From this decree Baker and Peterson appealed.

Error is alleged in the giving and refusal of several instructions; in receiving the testimony of witness Doran as to value of the property; in the court's refusal to direct a verdict for defendants,and that the verdict and decree are not supported by sufficient evidence. When a jury is called by the court in an equitable preceeding, their verdict is advisory only. No error can be predicated on the giving or refusal of instructions. *Peterson v. Estate of Bauer*, 76 Neb. 652. It is very doubtful if the knowledge of the value of the land, shown by the witness Doran, was sufficient to permit him to testify thereto, but its admission, if erroneous, was without harm, for the value of the land was not submitted to the jury, and it is evident the jury disregarded it. These alleged errors being thus eliminated, the cause must be determined by this court on the pleadings and evidence.

By the admissions of the parties in the pleadings and the evidence, it is established that plaintiff, a retired hardware merchant, about 60 years of age and in poor health, and with little experience in real estate transactions, lived at Erickson; that O. B. Clark was an old and trusted friend and former fellow townsman; that

Clark was a real estate agent at Stapleton and, in addition to his business as such agent, he owned or had contracts of sale on several hundred acres of land near the land in controversy. Clark knew plaintiff had some money and invited plaintiff to go to Stapleton for a ride, a distance of about 150 miles. A man named Lowden, an associate of Clark, accompanied them. Nothing was said to plaintiff about buying land until plaintiff and Clark had been in Stapleton for several days, during which period plaintiff had accompanied Clark on trips about the country when Clark was trying to sell his own and other lands. Clark then began to importune plaintiff to buy some land, and particularly the half-section in controversy. This half-section was owned by a Mr. Patterson, who had contracted to sell it to one Danker. Defendants Baker and Peterson bought this contract from Danker, who signed his name to a printed form of assignment on the back, without any name appearing as assignee. Baker and Peterson engaged Clark to resell the land, but plaintiff did not know that Clark was acting as their agent until after time for final settlement. During the time that Clark was soliciting plaintiff to buy the land, Clark told plaintiff that it would be a help to Clark if plaintiff would buy, and Lowden told plaintiff that, if he would buy the land, a brother-in-law of Lowden would purchase it at $5 an acre increase in price within 90 days, and was ready to do so, Clark being present when that was stated. No such person was shown to exist. At another time Clark had stated to plaintiff that he would guarantee to sell it within 90 days and make $5 an acre profit and board for the plaintiff. Just before the contract was signed, plaintiff said to Clark, "I don't want no land; now if you pull me into anything here you have got to pull me out," and Clark said, "I'll protect you. don't you worry, you will come out all right." Lowden and Clark had a person, who could not be identified, whom they told in plaintiff's presence that the land was

priced at $55. Clark was to receive all he sold the land for above $42.50 an acre, and there is some testimony, but it is not entirely .clear, that Lowden was to receive $400. There are other details of the evidence which indicate that Clark and Lowden were quite insistent upon plaintiff taking the land, Lowden at one time telling plaintiff that if he did not take the land Lowden would and could resell it soon at a profit. It is clear that plaintiff placed reliance upon Clark as his friend and was without knowledge of real estate in the vicinity, that plaintiff relied upon what Clark and Lowden told him, and had no knowledge that they were interested financially in the sale. Plaintiff thereupon entered into a written agreement to purchase the land for $15,000 and paid to Baker and Peterson $2,000. Neither of the appellants had any part in the dealings until the signing of the contract.

It is urged by appellants that plaintiff must have known from Clark's statements and actions that he was acting as agent for appellants, and there are circumstances that strongly point that way. If the plaintiff had been less credulous, he might have found the truth, and, under other circumstances, his failure to make further investigation might well bar him from relief. It can hardly be said that plaintiff was dealing at arm's length with his trusted friend Clark. However, it is certain that he succumbed to the insistent and unfair pressure. The plaintiff's expectations were unduly inflamed and he was pressed into the contract by insistent and unfounded representations, some of which might be ground for rescission, such as statements that Lowden's brother-in-law was ready and able within 90 days to buy the land at an advanced price. 39 Cyc. 1275.

It has been frequently held by this court that specific performance is not generally a legal right, but is directed to the sound legal discretion of the court, and it will not be granted where its enforcement would be unjust, and the courts will be governed to great extent

by the facts and merits of the case as it is presented. Such discretion, however, is not unlimited, and a decree is not to be given or withheld arbitrarily or capriciously, but it is a judicial discretion, to be controlled and governed by equitable rules and principles. *Hoctor-Johnston Co. v. Billings,* 65 Neb. 214; *Edmiston v. Hupp,* 98 Neb. 84. Applying these rules to the whole record in this case, we feel assured that the trial court was fully justified in refusing specific performance of the contract, and that plaintiff was entitled to judgment for the payment he had made.

There is much testimony and discussion in the briefs as to plaintiff's offer at one time to perform and defendants' inability to comply, and various attempts to make settlement, all of which appears unnecessary for us to heed, in view of the decision reached.

The decree of the district court is

AFFIRMED.