ROSA OFT, APPELLEE, V. KATHRINA DORNACKER, APPELLANT.

FILED OCTOBER 23, 1936. NO. 29723.

*Robins & Yost*, for appellant.

*John A. McKenzie, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

CARTER, J.

This is a suit brought by Rosa Oft, the appellee, against her daughter, Kathrina Dornacker, the appellant, for the amount due under the terms of an annuity clause contained in a deed to certain real estate conveyed by appellee and her husband to the appellant. The case was submitted to a jury which returned a verdict for the appellant. Thereupon the trial court sustained a motion for a judgment *non obstante veredicto* and entered a judgment for appellee for $526.50. Appellant filed a motion for a new trial which was overruled by the trial court. From this order appellant appeals.

The record discloses that on February 8, 1919, Eggert Oft and Rosa Oft, his wife and appellee herein, conveyed 160 acres of land to their daughter, Kathrina Dornacker, by warranty deed containing the following annuity clause: "The grantee herein agrees to pay to the grantors, as long as either one may live, Five Hundred Dollars ($500) on the first day of September each and every year. This being part of the consideration." The evidence is not disputed that appellant made each annual payment up to and including the year 1931, and $20 on the payment due in 1932. This suit was commenced, however, to enforce collection of the $500 payment due on September 1, 1934.

Appellant alleged in her answer that it was the understanding and agreement of the grantors and grantee, contained in the deed at the time of its execution and delivery, that the consideration for it was for services rendered in the past, that the $500 annual payment was conditioned upon said payment being necessary for the support and maintenance of grantors or their survivor, and conditioned also upon the land producing the amount of the annuity

above costs during the year for which payment was demanded, and further conditioned upon each of the four daughters to whom conveyances were made paying equal amounts necessary and proper for support and maintenance, and prayed for a reformation of the deed to correctly state the agreement. Appellant further pleads that the lands failed to produce the amount of the annuity during the year 1934, and consequently that there is nothing due appellee. Appellant further alleged in her answer that in the summer of 1919 each of the four sisters paid $937.38 to their father, to pay for improvements made on certain city property then owned by the father, under an express agreement that each was to receive one-fourth of the net income received from the property and that the net income has not been paid or accounted for. Appellant further alleges that in 1920 each of the four daughters paid $2,554.75 to the Bennington State Bank, to pay off a debt of more than $10,000 owing by the father, under an express agreement that the amounts thereof were to be credited on the annuity payments in the future, which was never done. Appellee denies these allegations and, in addition thereto, pleads the statute of limitations as to the amounts of $937.38 and $2,554.75 advanced by each of the daughters.

At the close of appellant's evidence, the court withdrew all the alleged defenses from the consideration of the jury except whether there was an understanding prior to the execution and delivery of the deed that the annuity payments were to be made only if produced by the land over and above the cost of farm operations. The verdict of the jury was for the defendant. The trial court, however, set aside the verdict and entered judgment for appellee for the amount prayed. The question for determination is whether the trial court was correct in these rulings.

The record shows that Minnie Ohrt and Meta Jungbluth, sisters of appellant, and George Ohrt and Herman Jungbluth, their husbands, testified to various conversations between Eggert Oft and Rosa Oft and the other members of the family in which appellant was a participant. We

have examined the record carefully and we fail to find any evidence of any definite agreement being entered into prior to the execution and delivery of the deed. In *Hallgren v. Becker,* 94 Neb. 415, 143 N. W. 467, this court said: "It is a well-settled rule of equity jurisprudence that, in order to secure a reformation of a written contract, the evidence must be clear, convincing, and satisfactory that the contract as written does not reflect the real contract and agreement of the parties." In *Sutherland State Bank v. Dial,* 103 Neb. 136, 170 N. W. 666, this court also said: "It is settled law that, in order to justify the reformation of a written instrument, the proof that it does not conform to the intention of the parties, and was made by mistake, must be clear, convincing and satisfactory. While a preponderance of the evidence is all that is required, the fact that the note bears no evidence upon its face that it is other than the individual obligation of the men who signed it raises a strong presumption, and under the statute almost an unrebuttable, that the defendants did just what they intended to do, and that it is their individual obligation. Unless this presumption is overcome by convincing proof, the instrument must stand as it was written. This court has stated these principles repeatedly. *Topping v. Jeanette,* 64 Neb. 834, and cases cited in opinion. Also, *Baker v. Montgomery,* 78 Neb. 98; *Bingaman v. Bingaman,* 85 Neb. 248."

In addition to this, Rosa Oft, the mother, and Nancy Gordon, the youngest daughter, testified that the conversations testified to by the two daughters and their husbands did not take place. The burden of proof is, of course, upon the party seeking the relief. There was a sharp and irreconcilable conflict in the evidence, appellant's witnesses testifying that there was an understanding between the parties that was never incorporated in the deed, while appellee and her witnesses asserted just as positively upon the witness-stand that no such understanding or agreement was ever made. Applying the well-known rule of equity to the evidence that the evidence must be clear, convincing and satisfactory to obtain the reformation of an instrument, we are constrained to hold that it was not sufficient to justify a

reformation of the contract and that the trial court was right in so holding.

Appellant contends that the trial court erred in not permitting her to recoup the amounts advanced by her to improve certain properties of the father and to pay off the indebtedness of the father to the Bennington State Bank. We agree with appellant that, if the items were proper subjects for a recoupment, the statute of limitations would not be a bar. *Mettlen v. Sandoz, ante,* p. 625, 269 N. W. 98. We cannot agree, however, that appellant is entitled to a recoupment in the case at bar. The payment of the sum of $937.38 to the father, as her share for the repair of the city property remaining in the father's name, did not grow out of the annuity agreement upon which this cause of action was based. In *Mettlen v. Sandoz, supra,* we said: "The defense of reduction or recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action on plaintiff's claim exists, although an affirmative action upon the subject of the recoupment may be barred by the statute of limitations." Having concluded that the item of $937.38 is not a proper subject for recoupment, it is clearly barred by the statute of limitations and the trial court was correct when it so held.

What has been said about the claim of $937.38 is generally true of the claim of $2,554.75, which was paid by appellant to assist in paying a $10,000 indebtedness of her father to the Bennington State Bank. It must be borne in mind that the father, Eggert Oft, had conveyed 640 acres of valuable land to his four daughters at the time this $10,000 indebtedness was outstanding. That the lands could have been subjected to the payment of the indebtedness cannot be questioned. The debt was not paid because of any provision in the contract upon which this suit is brought, but to protect the interest of the daughters in the land from the equitable interest that the Bennington State Bank had therein. It is not a claim arising out of the original contract and is not a proper subject for recoupment against Rosa Oft, the widow of Eggert Oft. A purported agreement to credit an item on a specific obligation is not sufficient

to make it a subject for recoupment in a suit on that obligation; the subject of the recoupment must arise out of the same transaction as plaintiff's claim. The trial court therefore properly held that the claim was barred by the statute of limitations.

Appellant complains that, as the court elected to submit questions of fact to the jury on the equitable phases of the case, it is bound thereby. In discussing the subject of jury trials in equity proceedings, this court in *Peterson v. Estate of Bauer*, 76 Neb. 652, 107 N. W. 993, said: "In the trial of such a suit the functions of a jury, if one is called, are advisory only, and the court cannot commit reversible error in the giving or refusal of instructions." In *Simmons v. Baker*, 109 Neb. 853, 192 N. W. 511, this court said: "In a law action, begun to recover a payment of money made by plaintiff on an executory written contract for the purchase of real estate, on the ground of fraud, where the defendants denied the alleged fraud, and prayed for specific performance of the contract, the issue is triable to the court without a jury. In such a trial the function of a jury, if one is called, is advisory only. No error can be predicated upon the giving or refusal of instructions." We conclude, therefore, that the trial court was not bound by the advisory verdict of the jury.

It is contended, however, that the action as commenced by appellee was one at law and that appellant was entitled to have that portion of the case passed upon by a jury. Appellant in her pleadings admits that the annuity clause of the deed is as pleaded by appellee. Appellant has failed to establish any equitable defense thereto and does not plead any defense other than those of an equitable nature. When the trial court determined that the equitable defenses set up were without merit, appellee clearly became entitled to a judgment on the pleadings for the amount for which she brought suit. Under these circumstances, the trial court did not commit error when it entered a judgment for plaintiff *non obstante veredicto*.

The judgment of the trial court is

AFFIRMED.