GEORGE BEIDECK ET AL., APPELLEES, v. NATIONAL FIRE INSURANCE COMPANY, APPELLANT.

296 N. W. 873

FILED MARCH 7, 1941. No. 30968.

*Wells, Martin & Lane,* for appellant.

*LeRoy G. Stohlman* and *Paul W. White, contra.*

Heard before PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This action as originally instituted was by plaintiffs, appellees here, against defendant, appellant here, seeking reformation of a fire insurance policy on household goods and to recover for loss occasioned by fire under the terms of the reformation sought.

On or about May 19, 1936, on application of plaintiffs, the defendant, a fire insurance company, through its agent, the W. A. Downey Agency of Lincoln, Nebraska, issued to plaintiffs a three-year policy of fire insurance on their household goods then situated in the residence of plaintiffs at 746 B street, Lincoln, Nebraska. The policy was for $2,000 and the premium thereon was $14. In October, 1938, plaintiffs loaded on a truck a considerable portion of the household goods insured under the policy and proceeded toward a farm in Minnesota which they had rented and where they intended to reside. On October 26, 1938, while en route, and when they were near Fairfax, Minnesota, the goods on the truck caught fire and were completely destroyed. That the fire occurred and the goods were destroyed defendant does not deny, but it does deny the amount of the loss.

For cause of action plaintiffs pleaded that the policy of insurance, in the form issued, could not be the basis of

recovery for the loss sustained, but that they were entitled to have it reformed to conform to the application claimed to have been made by them prior to the issuance of the policy, and to conform to what they claim the agent of defendant represented that it did contain at the time of delivery. It was their claim, substantially, that they represented to the agent of defendant that they were expecting within a few days to go to the beet fields of Wisconsin, there to remain for several months when they would return to their home in Lincoln, and that they wanted fire insurance coverage on their household goods at home and wherever the goods might be taken or removed by them. They further claimed that the agent of defendant agreed to issue such a policy, and that when he delivered the policy in suit, which was never examined by plaintiffs until after the fire, he stated that it contained the coverage applied for by plaintiffs.

The defendant denies that there was any error or fraud in the writing of the policy, and denies that any promise or representation of coverage in excess of what appears in the policy was ever made.

The district court decreed a reformation of the policy, as sought by plaintiffs, and allowed a recovery on the policy as reformed in the sum of $1,250, for which sum judgment was rendered.

There are but two issues involved in a determination of the case. The first is the question of the right to reformation of the policy, and the second the amount of recovery, if the first is determined favorably to the plaintiffs.

In the decree the trial court found that either by inadvertence, accident, mutual mistake, or fraud, the terms of the contract as agreed upon between plaintiffs and defendant were not fully set forth in the policy of insurance issued. At the outset we may say that it is unnecessary to discuss inadvertence, accident or mutual mistake. An examination of the entire record discloses no evidence in support of any one of these three elements. If plaintiffs are entitled to reformation it is on the ground of misrepresentation or fraud alone.

The evidence, briefly but sufficiently summarized, on which fraud is predicated is about as follows: Plaintiff, Susie Beideck, communicated the information to the W. A. Downey Agency that she wanted insurance on the household goods of the plaintiffs. Soon thereafter Edward A. Downey, a son of W. A. Downey, and an agent of the agency, called at the Beideck home, where he was told by Susie Beideck that she wanted insurance in the amount of $2,000, and since plaintiffs were about to depart for the beet fields of Wisconsin, to be gone for some months, she wanted insurance to cover the goods at the residence in Lincoln or wherever such goods might be. George Beideck stated that he heard her statement and also the reply of Edward A. Downey. They both said that Downey, at that time, told Susie Beideck that he would furnish a policy of insurance giving the protection requested. Later a policy was delivered which plaintiffs said they never examined until after their fire loss was sustained. On delivery of the policy Susie Beideck paid the premium in the amount of $14. The policy was written for three years. Susie Beideck said that when the policy was delivered she asked if it furnished the protection which she had previously requested, whereupon she was informed by Edward A. Downey that it did. Plaintiffs were permitted to state, in response to questions by their attorney, that they believed and relied on the statements made by Edward A. Downey.

Against this, Edward A. Downey testified that he did not make the statements attributed to him. W. A. Downey and Edward A. Downey testified that such coverage as plaintiffs claimed they had contracted for was not available to plaintiffs or any one else; that no such insurance was written.

None of the other terms of the policy was discussed either before or after issuance, not even the length of the term, according to the testimony of plaintiffs, and they had no knowledge of the duration of the term.

The rule relating to the sufficiency of evidence to justify the reformation of written instruments has been stated by

this court on many occasions. There has been no material variation in the statement of the rule in any of the cases.

In *Home Fire Ins. Co. v. Wood,* 50 Neb. 381, 69 N. W. 941, is found a complete statement of the rule: "In each case the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties." Other cases. announcing or approving this rule are *Topping v. Jeanette,* 64 Neb. 834, 90 N. W. 911; *Sutherland State Bank v. Dial,* 103 Neb. 136, 170 N. W. 666; *Paine-Fishburn Granite Co. v. Reynoldson,* 115 Neb. 520, 213 N. W. 750; *Oft v. Dornacker,* 131 Neb. 644, 269 N. W. 418; *Sweley v. Fox,* 135 Neb. 780, 284 N. W. 318; *Jacobson v. Forster,* 138 Neb. 452, 293 N. W. 336.

Was this evidence in the light of the established rule of law sufficient to warrant a reformation of the policy in question? We think not. To be sufficient the proofs must not have been doubtful; they must have been satisfactory; they must have been of sufficient weight to overcome the presumption that the policy correctly expressed the intention of the parties; they must have been so plain and convincing as to remove any reasonable controversy. From a reading of all the evidence and giving to it either its face value, or an analysis which takes into consideration implications and probabilities, we cannot say that the plaintiffs' proofs are plain and convincing beyond reasonable controversy.

In the evidence there was a sharp and irreconcilable conflict. This court, in the recent case of *Oft v. Dornacker, supra,* an action for reformation of a deed, used the following language which we think is applicable here:

"There was a sharp and irreconcilable conflict in the evidence, appellant's witnesses testifying that there was an understanding between the parties that was never incorpo-

rated in the deed, while appellee and her witnesses asserted just as positively upon the witness-stand that no such understanding or agreement was ever made. Applying the well-known rule of equity to the evidence that the evidence must be clear, convincing and satisfactory to obtain the reformation of an instrument, we are constrained to hold that it was not sufficient to justify a reformation of the contract and that the trial court was right in so holding."

In the light of the view taken with reference to this proposition, it is unnecessary to discuss the question of value or evidence of value of property lost by fire.

For the reasons set forth herein, the judgment of the district court is reversed.

REVERSED.