FRANK V. LOVENBURG, APPELLEE, V. LOTTIE JUSTICE ET AL., APPELLEES, IMPLEADED WITH LAWRENCE M. LOVENBURG, APPELLANT.

51 N. W. 2d 895

Filed February 29, 1952. No. 33120.

*W. I. Tillinghast,* for appellant.

*George B. Hastings,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to partition land. The deed upon which the title rests named L. M. Lovenburg and Chas. Lovenburg as grantees. L. M. Lovenburg, as Lawrence M. Lovenburg, cross-petitioned; seeking a reformation of the deed to remove the name of Chas. Lovenburg as grantee, and to quiet title. The trial court denied and dismissed the cross-petition. The named defendant appeals. We affirm the judgment of the trial court.

The plaintiff herein is one of the heirs at law of Chas. Lovenburg. Chas. Lovenburg will be referred to herein as Charles. L. M. Lovenburg will be referred to herein as Lawrence.

Charles was a bachelor uncle of Lawrence. Their relations were friendly. Charles died in August 1948. Some of the evidence referred to herein was admitted

over objections as to its competency. No assignments of error are made as to that, hence we summarize the evidence received by the trial court as it appears in the bill of exceptions.

The land involved here, 80 acres in Keith County, was owned by a Mr. Campbell of Lincoln. He had a brother at Ogallala. Lawrence contacted the brother with reference to buying the land. Lawrence did not have enough money to buy it. The brother and Lawrence then met and a contract was drawn to purchase the land for $8,000. Neither the contract nor its terms are in evidence. The brother of the owner testified the land was sold to Lawrence and Charles. On May 31, 1946, Lawrence made his check to the owner for $1,000. It does not clearly appear but apparently the contract was sent to Lincoln for Mr. Campbell's approval. In any event the $1,000 check was endorsed by the owner of the land and paid.

Charles had a number of government series E bonds made payable to himself or Lawrence. On June 13, 1946, Charles cashed sufficient of the bonds to secure $3,500 and on that date issued his check to Lawrence for that amount. Lawrence cashed the check. Appearing in the lower left-hand corner are the words "For Land deal."

The deed involved here was prepared in the law office of L. A. DeVoe of Ogallala. Lawrence, the brother of the owner, Mr. DeVoe, and Mr. DeVoe's son were present.

The grantees were named as "L. M. Lovenburg and Chas. Lovenburg." The same names were used in the habendum clause. The deed was made subject to a $2,500 mortgage which the "grantees" assumed and agreed to pay. The deed was sent to Lincoln where it was executed and acknowledged by the owner and his wife. On June 15, 1946, Lawrence issued his checks to L. A. DeVoe for taxes, abstract, etc., in the amount of $569.75, and to the owner for $3,930.25. The $3,500 received from Charles was used to make this payment.

The deed was delivered to Lawrence, who had it recorded on June 20, 1946, and then placed it in his safety deposit box and retained it. Thereafter he took possession of the land, accounted to no one for the proceeds, and paid the taxes as they accrued. On September 4, 1946, Lawrence paid $2,527.50, the principal and interest due on the mortgage.

Lawrence, resisting the partition action, by cross-petition alleged that the name of Charles "was inadvertently and erroneously inserted" in the deed and "without the intent, consent, wish or knowledge" of Charles; that Charles never owned any interest in the land; and that he, Lawrence, was sole owner.

The trial court dismissed the cross-petition. Lawrence assigns that as error here.

Charles appears to have been present when the contract was being negotiated. A witness to the contract testified that Charles told him at that time, " 'I have got a bunch of bonds, * * * as they will never do me any good, * * * I am going to give them up for Lawrence. * * * He needs that place.' " As to a time preliminary to the contract, Lawrence testified that his uncle told him (referring to the bonds), " 'There's $3,500 I will give you if you can handle the deal. * * * I will cash those and give you the money.' " He testified that "they were cashed and given to me to help pay for this land."

Lawrence testified that he knew the contents of the deed before it was sent to Lincoln for execution; that he knew Charles was named as a grantee; that he directed that that be done of "my own free will"; that it was not put there by mistake; and that it was put in "in protection of those bonds," and so that nobody would think he was "doing anything crooked."

The deed was drawn by Mr. DeVoe's son. He testified for plaintiff that the deed was drawn as directed by Lawrence, as did one other witness, but in the light of Lawrence's own testimony that need not be set out here.

On cross-examination, defendant developed evidence

that the scrivener asked Lawrence if he wanted a "joint deed," explaining that with such a deed "title rests in the survivor in the case of the death of either party to the deed," and that Lawrence told him he did not want "a survivorship deed." Lawrence then testified that the scrivener did not tell him what "a joint survivorship deed" was and that he did not tell him he did not want that kind of a deed.

Lawrence now testifies that the deed was not made out the "way it was supposed to be"; that what he wanted was a survivorship deed; and that the grantees should have been named "or" and not "and" just like the bonds were made out.

The applicable rules are:

"In order to warrant the reformation of a written instrument in any material respect, the evidence must be clear, convincing and satisfactory, and until overcome by such proof, the terms of the instrument must stand as evidencing the intention of the parties." Sutherland State Bank v. Dial, 103 Neb. 136, 170 N. W. 666. See, also, Wheeler v. Brady, 126 Neb. 297, 253 N. W. 338; Oft v. Dornacker, 131 Neb. 644, 269 N. W. 418; Otto v. L. L. Coryell & Son, 141 Neb. 498, 3 N. W. 2d 915; Kula v. Kula, 149 Neb. 347, 31 N. W. 2d 96.

"Reformation of an instrument to correct a mistake will not be accorded unless the intent and agreement which it will express as reformed were concurrent in the minds of the parties to and including the time of its execution." Nebraska Loan & Trust Co. v. Ignowski, 54 Neb. 398, 74 N. W. 852.

It is patent that Lawrence has produced no evidence to meet the requirements of these rules. His own evidence shows that the deed fully expressed his intent at the time the deed was drawn. Although not within the scope of his cross-petition, his contention at the trial that he was supposed to have a deed in joint tenancy with right of survivorship is negatived by his own testimony of the directions he gave as to the grantees to be

named in the deed. There is no evidence that he then either intended to secure the benefits or assume the burdens of such a deed. He has produced no evidence as to the intent of the other contracting parties so far as the deed is concerned, save that which is in the deed itself.

The trial court did not err in dismissing the cross-petition. The judgment of the trial court is affirmed.

AFFIRMED.