STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE, V. EARL B. SELDERS ET AL., APPELLANTS.

190 N. W. 2d 789

Filed October 15, 1971. No. 37902.

George H. Moyer, Jr., of Moyer & Moyer, for appellants.

Deutsch & Hagen and Thomas H. DeLay, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action under the Uniform Declaratory Judgments Act wherein plaintiff seeks to be relieved of liability under an insurance policy issued to defendant Earl B. Selders. Judgment was entered for plaintiff in the district court. We reverse that judgment in part.

Plaintiff issued to Earl B. Selders a policy of insurance

on an automobile jointly owned by Earl B. Selders and his wife Ila Selders. The policy provided for uninsured automobile coverage but limited persons so insured as follows: "The unqualified word 'insured' means

"(1)   the first person named in the declarations and while residents of his household, his spouse and the relatives of either;

"(2)   any other person while occupying an insured automobile; and

"(3)   any person, with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this coverage applies."

After issuance of the policy, Earl and Ila Selders separated and lived in separate establishments. A divorce decree was entered awarding the minor children to Ila until further order of the court and requiring Earl to pay for their support. Earl also had visitation privileges. The decree was entered on October 10, 1966, and before it became final, three of the children died as the result of an accident which occurred on February 3, 1967. The children were passengers in an uninsured automobile involved in a one-car accident. The only question presented is whether damages sustained were covered by the policy at the time of the accident. Plaintiff contends that they were not because the children were not then members of their father's household and he was the only named insured.

It is apparent that after the separation of their parents, the children, residing with their mother, were members of her household and had ceased to be members of their father's household as he had moved out and was living elsewhere. "In an automobile liability insurance policy, the word 'household' in an omnibus clause extending the liability available to assured to other members of the household means 'Those who dwell under the same roof and compose a family.'" Andrews v. Commercial Casualty Ins. Co., 128 Neb. 496, 259 N. W. 653.

Defendants have asked for reformation of the policy

to include Ila Selders as a named insured. This was denied in the district court and we concur that defendants are not entitled to reformation. Without attempting to detail the lengthy evidence submitted on this point, suffice it to say that defendants have failed to meet the required burden of proof. "In an action for reformation of a written instrument, the burden rests upon the moving party of overcoming the strong presumption arising from the terms of the written instrument. If the proofs are doubtful and unsatisfactory and if there is a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties.

"Where the evidence, in an action for reformation of a written instrument, is sharply and irreconcilably conflicting, it becomes necessary to apply the well-known rule of equity that the evidence must be clear, convincing and satisfactory, and, in consequence, deny a reformation." Beideck v. National Fire Ins. Co., 139 Neb. 171, 296 N. W. 873. See, also, Du Teau Co., Inc. v New Hampshire Fire Ins. Co., 156 Neb. 690, 57 N. W. 2d 663.

Since Ila Selders was not a named insured and not a member of the household of Earl B. Selders, she is not an additional insured and has no standing such as would permit her to recover under the policy issued by plaintiff. Likewise, the children were not additional insureds and had one been injured rather than killed, such child could not have recovered under the policy. The fact that the children were no longer members of their father's household would appear, at first glance, to bar recovery by the father. We do not so find. The wrongful death statute, section 30-810, R. R. S. 1943, permits recovery by the parents for the wrongful death of an unmarried minor without issue. This ordinarily entails recovery for services and contributions by the minor both before and after attaining majority. "The meas-

ure of damages in an action such as we have before us is the pecuniary loss which the parent sustains by reason of being deprived of the child's services during his minority and the loss of contributions that might reasonably be expected to be made after reaching his majority." Dorsey v. Yost, 151 Neb. 66, 36 N. W. 2d 574, 14 A. L. R. 2d 544. See, also, Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701. This is also true of medical and funeral expenses. "Medical or funeral expenses resulting from a wrongful death are recoverable as damages in an action under sections 30-809 and 30-810, R. R. S. 1943, when the beneficiaries for whom the action is being brought have paid or have legally obligated themselves to pay such expenses and may be recovered in a separate cause of action." Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831.

In view of the foregoing, it is clear that Earl B. Selders was legally entitled to recover damages from the uninsured motorist for the death of his children, assuming, as we must for the purposes of this action, that the uninsured motorist was at fault. The policy commits plaintiff: "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured; * * *." It then proceeds to define "insured" as hereinabove set forth. The foregoing clause tends to limit recovery for bodily injury to injuries sustained by one insured. We have found that the children were not members of their father's household and therefore not listed as "insured" under provision (1). Provision (2) is not applicable. Provision (3) would appear to be meaningless if limited to injuries sustained by the insureds mentioned in provisions (1) and (2). It apparently was intended to comply with the statutory requirement found in section 60-509.01, R. R. S. 1943, which requires uninsured motorist insurance "for the protection of *persons insured thereunder who are legally entitled to*

*recover damages* from owners or operators of uninsured motor vehicles, * * *." (Emphasis supplied.) As pointed out, Earl B. Selders, as the father, is legally entitled to recover damages for the death of his children *and he is an insured.* Provision (3) adds an additional category of "insured." It provides not only for recovery for *injuries* sustained by an insured but also for the recovery of other consequential damages which an insured is legally entitled to recover from an uninsured motorist.

It is stated in Sterns v. M.F.A. Mutual Insurance Co. (Mo. App.), 401 S. W. 2d 510, 26 A. L. R. 3d 919: "The consistent tenor of legal authority we have examined, including the hereinabove quoted, and the clear intendment of the compulsory statutes therein referred to, are that *uninsured motorist coverage in its standard form includes indemnity to such survivors of deceased victims of uninsured automobiles as are legally entitled to sue for damages under wrongful death statutes*—without regard to whether the coverage is provided under compulsion by statute or by voluntary contract." This court stated in Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133: "A provision, drawn by the insurer to comply with the statutory requirement of uninsured motorist coverage, must be construed in light of the purpose and policy of the statute. Such a provision, drawn in pursuance of a statutorily declared public policy, is enacted for the benefit of injured persons traveling on the public highways. Its purpose is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. Such provisions are to be liberally construed to accomplish such purpose." Statutory requirements must be complied with by insurers and if the policy issued fails in this respect, the statute will be read into the policy. See Protective Fire & Cas. Co. v. Cornelius, 176 Neb. 75, 125 N. W. 2d 179.

As we view the situation, Ila Selders personally has no right to recover from plaintiff. The administrator and administratrix of the estates of the three deceased children have a right of recovery for damages sustained by Earl B. Selders, the father of the children, but are not entitled to recover for damages sustained by the mother Ila Selders. Insofar as the judgment of the district court denied recovery of damages sustained by Earl B. Selders, the judgment is reversed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.