FRANCIS MIKISKA and Another v. BARTHOLOMEW MIKISKA and Others.[1]

July 10, 1903.

Nos. 13,538—(102).

**Reformation of Deed—Mistake.**

To justify a decree reforming a deed on the ground of mutual mistake of the parties, the evidence must be clear, satisfactory, and convincing; a mere preponderance is not sufficient.

**Evidence.**

Evidence *held* sufficient to justify the reformation of certain deeds.

Appeal by defendants Peter Nicolay and Agnes Nicolay from a judgment of the district court for Scott county, entered pursuant to the findings and order of Cadwell, J. Affirmed.

*E. W. Komarek* and *Chas. G. Hinds,* for appellants.

*E. Southworth,* for respondents.

START, C. J.

Action for the reformation of three certain deeds on the ground of a mutual mistake in the description of the land therein. The trial court found the facts substantially as they were alleged in the com-plaint, and as a conclusion of law directed judgment for the plaintiffs for the relief demanded. Judgment was so entered, and the defendants Peter Nicolay and wife appealed therefrom.

The only questions raised by the assignments of error relate to the sufficiency of the evidence to support the finding of fact to the effect that there was a mutual mistake of the parties in describing the prem-

[1] Reported in 95 N. W. 910.

ises in each of the deeds. The here material facts found by the court are substantially these: On February 10, 1870, the plaintiff Francis Mikiska became the owner of a tract of unplatted land in the now city of New Prague, this state. The plaintiff, in 1877, erected a brick building on the west thirty feet of the tract, and on April 26, 1880, he sold and conveyed this thirty-foot tract, with the right to use the ten feet next adjoining on the east for a common way, to his brother, the defendant Bartholomew Mikiska. But by the mistake of the scrivener who wrote the deed and the mutual mistake of the parties thereto in the description of the tract intended to be conveyed, the deed, as written, purported to convey the west forty feet of the original tract, with the right to use the ten feet next adjoining on the east as a common way. Thereafter the grantee in this first deed occupied the west thirty feet, and no more, of the original tract until January 20, 1894, when he sold and conveyed the thirty feet so occupied by him, with the right to use the ten feet next adjoining on the east as a common way, to his nephew, Frank Mikiska, Jr. The same mistake, however, was made in the description of the tract in this second deed as was made in the first one, which was the result of the mutual mistake of all the parties thereto. On September 8, 1898, the grantee in this second deed sold the west thirty feet of the tract, with the right to use the ten feet next adjoining on the east as a common way, to the defendant Peter Nicolay, but the same mistake was made in the description in this third deed as in the first and second deeds, which was the result of a mutual mistake of all the parties thereto. All of the deeds were duly recorded. The plaintiffs never discovered the mistake in their deed until after the deed to the defendant Peter Nicolay was executed.

The rule as to the degree of proof required to justify a court in decreeing a reformation of a deed on the ground of mutual mistake is as stated by defendants' counsel. The proof must be clear, satisfactory, and convincing. A mere preponderance of evidence is not sufficient. The evidence in this case leaves no fair doubt as to the mutual mistake of the parties to the first and second deeds. The findings of the trial court as to them are unquestionably supported by the evidence. The evidence as to the alleged mutual mistake in the deed to the defendant Nicolay is not as complete. Necessarily, it could not be so, for the grantor, Frank Mikiska, Jr., died before this action was

brought.    The evidence was also in some material respects conflicting. The defendant gave testimony tending to show that there was no mistake in the description of the land in his deed, so far as he was concerned, and he sharply contradicted the testimony of the plaintiffs and their witnesses as to what took place when his deed was made. The credibility of the witnesses was a matter for the trial court, and assuming, as we must, that credence was given by the trial court to the testimony on behalf of the plaintiffs, we are of the opinion that the finding of the court as to the defendant's deed is also sustained by the evidence, within the rule we have stated.

Judgment affirmed.