. MELVIN V. HALLGREN, APPELLANT, V. JACOB L. BECKER, APPELLEE.

FILED OCTOBER 17, 1913.   No. 17,347.

1. **Equity**: REFORMATION OF CONTRACT: INJUNCTION. In an action in equity to enjoin a suit at law and to reform the written contract upon the provisions of which such suit depends, the basis of the equitable action is the right of the plaintiff to the reformation of the contract.

2. **Contract**: REFORMATION: EVIDENCE. "In order to authorize the reformation of a written contract, it must be made to appear what the actual contract between the parties was; that the written contract exhibited does not express the contract made; and these facts must be established by clear, convincing, and satisfactory evidence." *Slobodisky v. Phœnix Ins. Co.*, 52 Neb. 395.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Thomas F. Hamer,* for appellant.

*W. D. Oldham* and *H. M. Sinclair, contra.*

REESE, C. J.

This is another one of those unfortunate lawsuits between relatives, the existence of which is always to be deplored. The relation between plaintiff and defendant is that of nephew and uncle. The pleadings are too long and verbose to be here copied or even summarized, and we shall be content by giving a brief statement of the facts out of which the litigation has grown. Defendant is the owner of a farm of 320 acres situated in Dawson county. In the fall of 1908 he, by an oral agreement, leased the land to plaintiff, who then resided a distance of about 40 miles therefrom, the term of lease to begin on the 1st day of March, 1909. There is a sharp conflict between the parties as to what the length of the term should be, plaintiff claiming that the final agreement was that he should have the use of the land for one year with the privilege of

extending the term to five years if he so elected. Defendant insists that it was a definite agreement for one year, ending March 1, 1910. No written contract of lease was entered into until the 23d day of April, 1909, when the parties obtained the services of a scrivener, and a contract in writing was prepared and signed by them. This writing was defective in many particulars and limited the term to one year. Plaintiff had long before that time taken full possession of the farm, residing thereon with his family, and progressing with the farm work. The relation between the parties appears to have been cordial and confidential for some time, when disagreements arose. We deem it unnecessary to state the cause of the friction between them. Plaintiff continued to reside upon and cultivate the land, and on the 23d day of August, 1910, during the second year of plaintiff's possession, defendant served upon him a written notice as follows: "Sumner, Nebr., 8-23-1910. Notice to Quit. I hereby give you notice to quit and deliver up on the first day of March, 1911, the possession of the farm which you now hold of me as a tenant. Dated August 23, 1910. To Melvin V. Hallgren, Tenant. J. L. Becker, Landlord." At that time plaintiff had plowed some 40 acres of the land and sowed the same in wheat, and had also disked 10 acres in rye, which was then up and growing. On the 1st day of March, 1911, defendant served upon plaintiff a notice to quit the "E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section four (4), town (11), range nineteen (19), N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section three (3), in town eleven (11), range thirty-three (33), town twelve (12), range nineteen (19), also the field of alfalfa north of the Union Pacific Railroad track in section four (4), town eleven (11), range nineteen (19), in Dawson county, Nebraska." It may be observed that the farm and contract of lease includes the southeast quarter of section 33, township 12, range 19, but which is not included in the notice to quit. Proceedings in forcible detention were commenced before a justice of the peace, but the record of that suit is not before us, and we

have no way of knowing the description of the land involved therein. After an adjournment of eight days had been obtained, plaintiff brought this action for an injunction to restrain defendant from prosecuting the forcible detention suit and to reform the contract of lease. In the petition the land is described as in the written contract, the southeast quarter of section 33 being included. The answer and cross-petition also includes the land in section 33, and therefore we may assume that the suit in detention included the same, although not mentioned in the notice to quit. No point seems to have been made upon the trial by which the effect of the notices were drawn in question, and no further attention will be given to it. A temporary injunction was granted at the commencement of the suit. The cause was tried to the district court, the result thereof being a finding in favor of defendant, the dissolution of the temporary injunction, and the dismissal of the suit. Plaintiff appeals.

As we see the case, it will not be necessary to review the evidence in detail, nor seek to harmonize the conflicts thereof. It must be conceded that, if a court of equity could rightfully take jurisdiction of the case, that jurisdiction must be founded and based upon the right of plaintiff to a reformation of the contract of lease by which it can be made to conform to the contract and intention of the parties. It is a well-settled rule of equity jurisprudence that, in order to secure a reformation of a written contract, the evidence must be clear, convincing, and satisfactory that the contract as written does not reflect the real contract and agreement of the parties. *Slobodisky v. Phœnix Ins. Co.*, 52 Neb. 395. The burden of proof is, of course, upon the party seeking the relief. As we have said, there was a sharp and irreconcilable conflict in the evidence, plaintiff testifying that the agreement was that he was to have a lease for one year with the privilege of extending it to five years, and in which he is supported by the testimony of witnesses that defendant had admitted that such was the agreement, while defendant as posi-

Hallgren v. Becker.

tively asserted upon the witness stand that no such agreement was ever made. The testimony of the scrivener who drew the lease is equally positive that the terms of the lease in its details were dictated to her by the parties; that nothing was said about an extension of the lease; that she read the lease in full to the parties, to which both agreed before signing, the contract being left with her for safe keeping, she furnishing plaintiff a copy thereof some weeks or months thereafter. There is also testimony of statements made by plaintiff to the effect that he had rented the farm for one year. The alleged admissions were denied by both parties, and in each instance their denials were supported by witnesses who were present and heard the conversation in which the admissions were said to have been made. Applying the well-known rule of equity to the evidence, we are constrained to hold that it was not sufficient to justify a reformation of the contract, and that the district court was right in so holding. The issue upon the effort to reform the contract being the only one of equitable cognizance, the suit was rightly dismissed. As every other question can be fully tried in the suit at law, which is still pending in the court of the justice of the peace, we cannot see our way to reverse the judgment of the district court.

The judgment of the district court is therefore

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.