# AUGUSTUS KIRBY BARNUM v. WILLIAM G. WHITE and Another.[1]

December 24, 1914.

Nos. 18,911—(141).

**Contract — construction — reformation.**

Plaintiff deeded certain lots to one of defendants. By contract between the parties, defendants agreed to take necessary action to convert the lots into cash, to conduct all necessary suits, to pay all cost and expense thereof, and when the same or any part thereof should be sold, to divide the proceeds. The contract also provided that defendants should advance and pay plaintiff certain amounts and that "all sums advanced and paid" thereunder should be deducted from plaintiff's share. *Held:*

(1) The amount paid by defendants for cost and expense of litigation cannot be deducted from plaintiff's share.

(2) A written contract may be reformed where there has been an actual agreement upon terms, and the writing fails to express those terms, because of mutual mistake, or mistake on one side and fraud or inequitable conduct on the other. To justify the court in reforming a written contract on oral testimony, the proof must be clear, unequivocal and convincing; more than a mere preponderance of evidence is required. This is especially true in a case where an attorney asks for the reformation of a contract written by himself and where the other party stands in a relation akin to that of client. Applying these rules, the finding of the trial court that this contract represented the agreement of the parties, cannot be disturbed.

(3) A contract may be reformed where the parties used the words they intended to use, but through mistake these words do not express the meaning they intended to convey. The evidence does not establish a case of reformation within this rule.

(4) Plaintiff is entitled to receive his share of the proceeds of each tract upon consummation of the sale of such tract, less any deductions accrued at that time.

(5) If defendants have any offset, it is for them to plead and prove it.

[1] Reported in 150 N. W. 227.

Note.—The question of the admissibility of parol evidence to vary the terms of a written contract, generally, is discussed in a note in 17 L.R.A. 273.

It is not necessary for plaintiff to prosecute an equitable accounting to ascertain whether defendants have such offset.

(6) There is evidence that defendants paid some taxes on these lots. The contract did not require defendants to pay taxes, but since there is no evidence as to the amount of taxes paid or as to the circumstances of their payment, the court cannot further determine the rights of the parties with reference thereto.

(7) The provision in the contract for division of the "proceeds" of sales does not require that there be deducted from plaintiff's share any expense which the contract by its other terms required defendants to pay.

Action in the district court for Ramsey county for an accounting under a contract and for one-half of the amount received by defendants upon the sale of certain land. The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff for $2,050. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*Thomas D. O'Brien,* for appellant Soucheray.

*William G. White, pro se.*

*John F. Fitzpatrick,* for respondent.

HALLAM, J.

Plaintiff, apparently believing himself entitled to some interest in certain lots and in certain vacated streets and alleys in St. Paul, conveyed the same to defendant White, an attorney at law, and at the same time made a contract with said White and defendant Soucheray, which contract contained provisions in substance as follows: First, defendants agreed to take all necessary action to sell and convert said real estate into cash, and to that end that they would "institute and carry forward all necessary suits or proceedings * * * and * * * pay all cost and expense thereof." Second, it was agreed "that when said premises or any part or portion thereof should be sold and converted into cash the proceeds thereof" should be divided as follows: "One-half of the proceeds of such sale or sales * * * paid to said Augustus Kirby Barnum and one-half thereof * * * retained and received by said William G. White and Henry C. Soucheray." Third, it was agreed that defendants

should "advance and pay" plaintiff $75 cash in hand, $50 when plaintiff should procure an assignment to defendant White of a certain judgment, and $50 more when he should procure a like assignment of a certain other judgment. It was further agreed that defendants would "advance and pay" to plaintiff "such further and additional amounts as may be mutually agreed upon by the parties hereto," and it was agreed that "all sums advanced and paid hereunder, including said sum of * * * $175 * * * shall be deducted from the amount to be paid to said Augustus Kirby Barnum upon the sale or sales of the premises and real estate herein described and set forth."

Pursuant to this contract defendants perfected title to one of said tracts, and later sold the same for $4,500. Plaintiff brings this action to recover half of said amount. The court ordered judgment for plaintiff for the amount demanded, less $200 which plaintiff admitted had been paid and advanced to him.

In our opinion the decision of the trial court was right. We construe this contract as follows: It required defendants to pay expenses of litigation incident to the performance of the contract. In consideration of such payment and of the services of defendants, they are to receive, on sale of any tract covered by the contract, one-half of the proceeds of the sale, and plaintiff, in consideration of his ownership of the land, is to receive the other half. If the first two clauses above quoted stood alone, there could be no other contention.

It is contended, however, that the provision, "that all sums advanced and paid hereunder * * * shall be deducted from the amount to be paid to said Augustus Kirby Barnum," embraces amounts paid by defendants as costs and expenses of litigation. We do not think the contract can fairly be so construed. This clause refers to those items which the contract requires defendants to "advance and pay." There is nothing in the language of the clause providing for the payment of costs and expenses that indicates that such payment was intended as an advancement to plaintiff. The language is not susceptible of that construction.

2. Defendants contend that the preliminary agreement between

the parties was that these expenses of litigation should be deducted from plaintiff's share of the proceeds of sales, that it was the intention of the parties that the written contract should so provide, and that if this contract does not so provide it should be reformed so as to conform to that intent. A written contract may be reformed where there has been an actual agreement between the parties and their minds have met on the terms which they intended the writing to express, and where the writing in fact fails to express those terms, and such failure was due to mutual mistake, or to mistake on one side and fraud or inequitable conduct on the other. St. Anthony Falls Water-Power Co. v. Merriman, 35 Minn. 42, 27 N. W. 199; Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705. To justify a court in reforming a written contract upon oral testimony, the essential facts must be proved by evidence that is clear, unequivocal and convincing. Something more than a mere preponderance of evidence is required. Layman v. Minneapolis Realty Co. 60 Minn. 136, 62 N. W. 113; Mikiska v. Mikiska, 90 Minn. 258, 95 N. W. 910. This contract was drawn by one of the parties now asking its reformation, himself an able and skilful lawyer. It was the embodiment of terms proposed by himself. Plaintiff sustained to him a relation nearly that of client. It may be that reformation of a contract between attorney and client may sometimes be decreed at the suit of the attorney, and even though the contract was reduced to writing by the attorney himself, but, if so, the proof must be even more clear and convincing than in the ordinary case.

The trial court found that the contract did represent the mutual agreement of the parties. The findings of a trial court should not be set aside, unless manifestly and palpably against the weight of the evidence. Wann v. Northwestern Trust Co. 120 Minn. 493, 497, 139 N. W. 1061. We are convinced that no case is made by the evidence for the reversal of this finding of the trial court. All of these parties intelligently read and considered the language of this contract. There is no question that the language used was such as defendants themselves intended to use.

3. A contract may doubtless be reformed in a proper case where the parties used the very words intended, but where the words do

not express the meaning they intended to convey, that is, where the mistake is as to the legal meaning and effect of the words used. Smith v. Jordan, 13 Minn. 246 (264), 97 Am. Dec. 232; Wall v. Meilke, 89 Minn. 232, 94 N. W. 688; Pomeroy, Eq. Jur. § 845. This we understand to be the basis of defendants' claim. Under the evidence in the case we cannot say that they have clearly established that any mistake as to the meaning of the language used was mutual, and there is no claim of any fraud or inequitable conduct on the part of plaintiff.

4. Defendants contend that the action is prematurely brought; that plaintiff is not entitled to receive any money under the contract, until all litigation involving all the land conveyed is determined. The contract does not so provide. On the contrary, it provides in explicit terms that, when "any part or portion" of the lands conveyed shall be sold, the proceeds shall be divided. Under this provision, plaintiff is clearly entitled to receive his share of the proceeds of the sale of each tract upon consummation of the sale of such tract, less any deductions accrued at that time.

5. Defendants are of course entitled to offset any advances made or any proper claim they may have against plaintiff. Defendants seemed to have labored under the impression that it was incumbent on the plaintiff to ascertain the amount of any offsets through an accounting, and that there can be no recovery by plaintiff until an accounting is had. We know of no principle upon which such a contention can be sustained. The contract gave plaintiff the right to one-half the proceeds of a sale when made. If the defendants have any offset, it is for them to plead and prove it, and it is not for the plaintiff to prosecute an equitable accounting to ascertain whether defendants have any such offset. Defendants did not prove any offset which the court could allow. True, defendant White testified that defendants had expended $1,600 or $1,700 under the contract, but there is no showing as to the purpose for which the expenditures were made, and it is clear that some of these expenditures were for costs and expenses of litigation, which defendants were not entitled to offset.

6. There is evidence that defendants paid some taxes and assess--

ments upon this property. It is clear the contract did not require them to pay taxes on plaintiff's land. The contract was not one to discharge incumbrances upon real estate. It assumed that plaintiff owned some interest in the real estate, and it contemplated that defendants should put the title to that interest into marketable shape. It imposed no obligation to pay incumbrances, whether in the form of taxes, mortgages or otherwise. We are furnished with no data as to the amount of such taxes or assessments, nor as to the circumstances under which they were paid. We can accordingly only decide that the contract imposed no duty upon defendants to pay them.

7. Defendant Soucheray submits a separate brief. His main contention is that the "proceeds" which were to be divided under the contract were to be the "net proceeds" of the sale, and that this term contemplates the deduction of the expenses mentioned. Whatever may be the meaning of the term "proceeds," as ordinarily used, we are clear that the use of that term could not require that there be deducted from plaintiff's share any expense which the contract by its other terms required defendants to pay.

Order affirmed.

The following opinion was filed on February 27, 1915.

PER CURIAM.

On motion for reargument defendants ask that the case be remanded with direction to the trial court to take an account between the parties in order to determine the amount of any offset which defendants may have to plaintiff's demand. As indicated in the opinion, evidence of such offset might properly have been offered and received. Inasmuch as the case has been closed, such evidence can now be offered only upon a reopening of the case. Defendants may have sufficient grounds upon which to base an application to reopen the case, but such an application should be made in the trial court. This decision is without prejudice to the right of defendants to make such application on remand of the case.

We find no occasion for a rehearing. It appears to us that the

language of the contract is susceptible only of the construction placed upon it in the opinion, and that that construction cannot, accordingly, be either aided or varied by parol evidence.