## M. MAHONEY v. MINNESOTA FARMERS MUTUAL INSURANCE COMPANY OF MINNEAPOLIS.[1]

### February 2, 1917.

### Nos. 20,142—(263).

**Reformation of insurance policy.**

1. Plaintiff, owning the northeast quarter of section 23, in crop, made application to a soliciting agent of defendant for a policy of hail insurance. The application was reduced to writing by the agent and a policy was issued pursuant to it. The application and the policy described the southeast quarter of section 23, on which plaintiff had no crop. The court reformed the policy so as to make it cover the northeast quarter.

**Solicitor agent of defendant.**

2. The decision was right. The soliciting agent was the agent of defendant and not of plaintiff.

**Reformation of instrument.**

3. Where parties verbally agree upon all the terms of a contract, but through the mistake of a scrivener in reducing it to writing the written document does not express the real agreement, a court will reform the written contract and make it conform to the real agreement orally made.

[1] Reported in 161 N. W. 217.

**Same — mistake — evidence.**

4. To justify a court in reforming a written instrument for mistake the proof must be clear, unequivocal and convincing. Mere preponderance is not enough.

**Same.**

5. Plaintiff's testimony meets these requirements.

**Insurance — arbitration as to amount of loss.**

6. Under the policy of insurance in this case, arbitration is in no case provided for except as to the amount of the loss, and as to that it is a condition precedent to suit only when the parties fail to agree as to the amount of the loss.

Action in the district court for Stevens county for reformation of defendant's policy of insurance and to recover $1,050 upon the policy. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of plaintiff for the sum of $1,000. Defendant's motion to amend the findings and order for judgment was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*James A. Peterson,* for appellant.

*James B. Ormond,* for respondent.

HALLAM, J.

1. Plaintiff is a farmer owning land in Stevens county. In June, 1915, he had in crops growing on his farm, 100 acres of wheat, about half on the northeast quarter of section 23, and the other half on the northwest quarter of section 24. J. P. Hanrahan was an agent of defendant insurance company at Morris, soliciting business and receiving written applications for policies of insurance. On June 7, 1915, Hanrahan met plaintiff in a barber shop in Morris and there solicited plaintiff to take hail insurance on his crops. Plaintiff assented. It was stated and understood that plaintiff had 125 acres in the two crops. Hanrahan had some blank applications in his pocket and filled one out in the barber shop, and plaintiff signed it there. It was sent in to the principal office of the company. A policy was issued pursuant to it and sent to plaintiff. On June 23, 1915, a hail-storm struck plaintiff's farm and the wheat crop was a total loss. Plaintiff examined his policy and found that the quarter section in section

23 was described as the "S. E. ¼" instead of the "N. E. ¼". The southeast quarter he did not own, except one forty of it, and that he had rented for a cash rent, and had no interest in the crop. Plaintiff brought this action to reform the policy and to recover his loss under the policy as reformed. The trial court found in his favor, reformed the policy and gave judgment for plaintiff for the amount claimed. Defendant appealed.

2. The court was right in reforming the policy. Hanrahan was in this transaction the agent of the defendant company. His agreement and knowledge and understanding were the agreement and knowledge and understanding of the company. There is no sort of doubt as to this. It is settled by repeated decisions of this court that one appointed by the insurance company to solicit and take application for insurance is the agent of the insurer and not of the insured. Kausal v. Minnesota F. M. Fire Ins. Co. 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776; Kelly v. Citizens M. F. Assn. 96 Minn. 477, 105 N. W. 675. As to some forms of insurance this is now the rule by statute. G. S. 1913, §§ 3322, 3485.

3. It is elementary that where parties verbally agree upon all the terms of a contract, and through the mistake of the scrivener in reducing the contract to writing the written document does not express the real agreement of the parties, a court will reform the written contract and make it conform to the real agreement orally made. Olson v. Erickson, 42 Minn. 440, 44 N. W. 317; Barnum v. White, 128 Minn. 58, 150 N .W. 227, 151 N. W. 147.

This is a proper case for the application of that rule.

4. To justify a court in reforming a written instrument for mistake it must be made to appear that there was in fact a preliminary agreement expressing in terms the real intention of the parties, and that the written instrument fails to embody the real agreement of the parties, and that this failure was due to the mutual mistake of the parties. Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705. These essential facts must be proved by evidence that is clear, unequivocal and convincing. Something more than a mere preponderance of evidence is required (Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705; Remley v. Travelers Ins. Co. of Hartford, 108 Minn. 31, 121 N. W. 230; Barnum v. White, 128 Minn.

58, 150 N. W. 227, 151 N. W. 147), though not proof beyond a reasonable doubt (Wall v. Meilke, 89 Minn. 232, 94 N. W. 688, overruling Guernsey v. American Ins. Co. 17 Minn. 83 [104]).

The testimony on behalf of plaintiff in this case meets these requirements. Hanrahan and plaintiff agreed upon insurance of plaintiff's crops of 125 acres, 100 acres of wheat and 25 acres of corn. Both of them in effect so testified. Hanrahan then asked for the description of the land. Plaintiff testified that he gave Hanrahan the correct description, and that Hanrahan erroneously inserted in the application in the place of one of plaintiff's quarter sections, the description of another quarter section on which plaintiff had no crop at all. Hanrahan does not attempt to deny this. The evidence is conclusive that there was a mistake. The evidence of plaintiff is clear and undisputed that the mistake was mutual.

6. It is next claimed that plaintiff cannot recover because he did not before suit demand an arbitration of the amount of his loss. The policy provides as follows:

"It is furthermore expressly provided and mutually agreed that no suit or action against this company for recovery of any claim by virtue of this policy shall be sustainable in any court until after an award shall have been obtained, fixing the amount of claim by arbitration.

"Such arbitration shall be demanded by giving a written registered notice within five days of the date of the adjustment. If such notice is not given within the required time all further claim ceases and the adjustment as allowed by the adjuster is binding.

"In case of loss under this policy, and failure of the parties to agree as to the amount of such loss, it is mutually agreed that such amount shall be referred to three disinterested men, the company and the insured each choosing one out of three persons named by the other, the third selected by such two. The written award of a majority of such referees shall be final and conclusive upon the parties as to amount of loss, and such reference, unless waived by parties, shall be a condition precedent to any right of action to recover for such loss."

The policy is not happily worded, but we think the intention is clear. It means that there shall be an arbitration "in case of * * * failure of the parties to agree as to the amount of such loss," and in such case no

suit can be maintained until after an award is obtained fixing the amount of the loss, and, further, that if an adjustment is made by an adjuster of the company, the adjustment as allowed by him is final, unless arbitration is demanded within five days from the date of the adjustment. There can be no real basis for a claim that it was intended that anything except the amount of the loss should be arbitrated or that the parties should be obliged to go through the useless ceremony of an arbitration if they agreed as to the amount of the loss. Fletcher v. German-American Ins. Co. of New York, 79 Minn. 337, 82 N. W. 647; Kelly v. Liverpool & London & Globe Ins. Co. 94 Minn. 141, 145, 102 N. W. 380, 110 Am. St. 351; Vangindertaelen v. Phenix Ins. Co. 82 Wis. 112, 51 N. W. 1122, 33 Am. St. 29.

Plaintiff's evidence is that there was no disagreement as to the amount of the loss, but that, on the contrary, plaintiff's president called on him for the purpose of adjusting the loss, that they were fully agreed as to the amount of it, and that they disagreed only as to the question whether defendant was liable at all for loss to the crop on the northeast quarter. The trial court so found. These facts being established, no demand for arbitration was necessary.

Judgment affirmed.