GOULD, Respondent, v. NOLEN et al, Defendant.

(214 N. W. 853.)

(File No. 6169.  Opinion filed July 19, 1927.)

1. **Reformation of Instruments—Evidence that Deed Conveying East Half of Lots Only Expressed Intent of Parties Held to Preclude Reformation.**

   In an action to reform a deed conveying the east 75 feet of two lots so as to convey the east 83 feet thereof, evidence that deed conveying the east 75 feet only expressed the true intent of the parties held to preclude reformation of deed.

2. **Reformation of Instruments—Purchaser of 75-foot Lot, Warned That Garage Encroached an Adjoining Lot Under Rule of Caveat Emptor, Is Precluded from Reforming Deed to Include More Ground.**

   In an action to reform a deed conveying the east 75 feet of two lots so as to convey the east 83 feet thereof, the purchase held to fall within the rule of caveat emptor, where the vendor stated to the purchaser that garage encroached on adjoining lot, and that he did not know where the west boundary line would come.

3. **Reformation of Instruments—Owner of Lot on Which Garage Encroached Held Not Charged with Notice of Adjoining Owner's Claim to More Ground Than Recorded Deed Called For.**

   In an action to reform a deed, where it appeared that the owner of two lots conveyed the east half thereof to one grantee

and thereafter conveyed the west half thereof to another grantee, the second grantee held to have had no notice that first grantee claimed more than the east half of the lots.

4. **Reformation of Instruments—Written Contract Will Not Be Reformed, Unless It Clearly Appears that Because of Fraud or Mistake Actual Contract Is Not Expressed.**

Equity will not reform an instrument, unless it clearly appear that the minds of the parties did not meet on the proposition expressed, that the actual contract was different, and the writing came through fraud or mistake.

5. **Reformation of Instruments—Reformation of Instrument Will Not Be Granted, Unless It Clearly Appear that Plaintiff Was Not Negligent.**

Equity will not reform a written instrument unless it clearly appear that the plaintiff was not negligent.

6. **Reformation of Instruments—Reformation of Instrument Will Be Granted Only on Clear and Satisfactory Evidence.**

The grounds relied on for reformation of a written instrument must be established by clear and satisfactory evidence.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Reformation of Instruments, Key-No. 45(5), 34 Cyc. 908; (2) Key-No. 25, 34 Cyc. 921; (3) Key-No. 29, 34 Cyc. 956; (4) Key-No. 16, 34 Cyc. 915, 920; (5) Key-No. 25, 34 Cyc. 948; (6) Key-No. 45(1), 34 Cyc. 984.

As to kind and quality of evidence required to warrant a court of equity to reform written instrument on ground of mistake, see 23 R. C. L. 367; 3 R. C. L. Supp. 1325; 5 R. C. L. Supp. 1242; 6 R. C. L. Supp. 1373.

Negligence in executing instrument as affecting right to have it reformed, see 45 A. L. R. 700; 23 R. C. L. 321; 4 R. C. L. Supp. 1500; 6 R. C. L. Supp. 1371.

For pleadings and procedure in reformation of instruments, see Bancroft's Code Pleading, Vol. 4, pg. 3992.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Action to reform a deed brought by Margaret G. Gould against J. C. Nolen and wife, Gementha L. Martin and husband, and another. From a judgment for plaintiff, defendants Nolen and Martin appeal. Reversed and remanded, with direction.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*Lyon, Bradford & Grigsby,* of Sioux Falls, for Respondent.

MORIARTY, C.  Respondent brought this action to reform a deed.  The facts, in so far as. they are material to the issues, are as follows: On the 27th day of April, 1920, and for some time prior thereto, the appellant J. C. Nolen was the owner of certain lots in the city of Sioux Falls, which lots may be sufficiently described herein as lots 7 and 8.  On said 27th day of April, 1920, J. C. Nolen and wife executed and delivered to the respondent, Margaret G. Gould, a warranty deed conveying to said respondent the east 75 feet of said lots.  On March 27, 1922, Nolen and wife made and delivered to the grantee a warranty deed conveying to the appellant Gementha L. Martin the west 75 feet of said lots.  The lots were 150 feet long, east and west, so there was no conflict of interest arising from the description in the deeds.  The south side of lot 7 lies along the north side of a city street, and lot 8 adjoins lot 7 on the north.

At the times of the two transfers above mentioned there was a dwelling house standing near the east line of the lots and fronting to the east, and another dwelling house stood near the west end of the lots, fronting to the south.  Near the center of lot 7 was a garage.  The curb directly south of this garage was opened for a driveway, and this driveway was paved from the curb to the sidewalk.  From the sidewalk to the garage the driveway was not paved, but consisted of dirt road only.

The respondent admits that, before she accepted the deed, the grantor J. C. Nolen told her that the west side of the garage was west of the west line of the 75 feet which she was buying, and she admits that Nolen told her that he did not know just how far the garage stood over upon the west 75 feet of the lots.  When Nolen negotiated the sale to Mrs. Martin he told his purchaser that the garage was to go with the respondent's part of the lots, but that part of it stood on the property which he was selling to Mrs. Martin.

Mrs. Martin, or her husband acting for. her, had the lots surveyed, and the survey disclosed that the garage stood upon the Martin property some 6 or 7 feet.  After thus establishing their east line the Martin family used the garden land, north of the garage, out to their east line, but they allowed the respondent to use the garage and driveway without moving them, stating to respondent that she might use the garage in that location so long

as she occupied the property herself, but that they would want the garage moved whenever respondent moved off and rented the property to a tenant. In the spring of 1924 respondent moved off her part of lots 7 and 8 and put a tenant in possession of the property. The Martins then asked her to move the garage off their land and she moved it over upon the east 75 feet of the lots. The Martins then put in a low concrete wall or curb along their east line.

Respondent admits that there was nothing to prevent her measuring the property at the time she was making the purchase, and she admits that Nolen then told her that he did not know just where her west line would come. But she says he told her that her west line was not more than a foot from the west side of the garage. And she says he showed her where he thought the line was, indicating a point about a foot east of the west side of the garage. Nolen testified that he told her that the garage was over some on the west half of the property, but that he did not know how much. He denied that he ever told her where he thought the line was, or ever indicated where he thought it was. Practically the only conflict in the evidence is upon this one point.

The plaintiff's complaint asks that her deed be reformed so as to convey to her the east 83 feet of lots 7 and 8, upon the theory that the minds of the parties to the deed had met upon the conveyance to plaintiff of enough property to include the garage and driveway, that such was the intent and purpose of the deed, and that her use and possession of the garage gave Mrs. Martin notice of the amount of land which plaintiff owned.

[1] The court found that the minds of the parties to the deed met upon the proposition of conveying to the grantee that part of lots 7 and 8 extending from the east line of said lots to a line one foot east of the west line of the garage, and that Gementha L. Martin took her deed to the west 75 feet of said lots with notice that the plaintiff was in actual possession of the east 83 feet of said lots and claimed to be the owner thereof. And the trial court concludes that the description in plaintiff's deed was inserted therein under mutual mistake of fact; both parties to the deed believing that such description would convey a tract extending to within one foot of the west line of the garage and including the whole of the driveway. There is no evidence to support these

findings. All of the evidence is in agreement on the fact that it was definitely understood that Nolen was selling the respondent 75 feet and no more.

[2] The record shows that, instead of seeking to determine how much must be conveyed in order to include the garage and driveway, the inquiry was as to where the west line of the 75 feet would come. It further shows that what Nolen said as to the line was only an expression of opinion, as plaintiff admits that he said he did not know where the line would come. And it was understood that the garage was to go to the respondent, but would have to be moved to get it entirely on her land. There was nothing to prevent the respondent from measuring the property. This brings the transaction within the rule of caveat emptor.

[3] As to the rights of Mrs. Martin under her deed, the record does not show that she had notice that respondent was in possession of the east 83 feet of lots 7 and 8, claiming the same as owner. Mrs. Martin had record notice that respondent's deed covered only the east 75 feet of said lots. It was understood from the beginning of Mrs. Martin's connection with the property that the respondent was occupying the garage knowing it was partly on the land Mrs. Martin was buying. There is no evidence that Mrs. Martin ever had any notice that respondent claimed more than the 75 feet covered by her deed, until this action was begun. The record does not show evidence sufficient to support the judgment.

[4, 5] "Before a court of equity will undertake to reform a written instrument, so as to make it express a contract other than as expressed in the instrument, it must clearly appear that the minds of the contracting parties did not meet upon the proposition therein expressed, and that the actual contract made between the parties was other and different from that expressed in the writing, and that the writing came through fraud or mistake, and that plaintiff was not negligent." Heard v. Nancolas, 187 Iowa 1045, 175 N. W. 13; Day v. Dyer, 171 Iowa 437, 152 N. W. 53; Barnum v. White, 128 Minn. 58, 150 N. W. 227, 151 N. W. 147; Bates v. Bates, 56 Mich. 405, 23 N. W. 63; Pyne v. Knight, 130 Iowa 113, 106 N. W. 505; 34 Cyc. 915.

[6] The grounds relied upon for reformation must be established by clear and satisfactory evidence. Richardson v. Short,

201 Iowa 561, 207 N. W. 610; Buntrock v. Hoffman, 178 Wis. 5, 189 N. W. 572; Lyons v. Chafey, 219 Mich. 493, 189 N. W. 86; Hallgren v. Becker, 94 Neb. 415, 143 N. W. 467.

The evidence in the instant case does not comply with these requirements.

The judgment appealed from is reversed, and the cause is remanded, with direction that the trial court enter judgment for the defendants.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., not sitting.