CHRISTINE HARTIGAN v. NORWICH UNION INDEMNITY COMPANY.
H. O. SIMONDS v. SAME DEFENDANT.[1]

January 20, 1933.

Nos. 29,231, 29,232.

[1]Reported in 246 N. W. 477.

*Mitchell, Gillette & Carmichael* and *W. O. Bissonett*, for appellant.

*James E. Gardner* and *Lathers & Hoag*, for respondents.

DIBELL, JUSTICE.

Two actions, tried together, one by Christine Hartigan, as special administratrix of the estate of Vivian Hartigan, deceased, and the other by H. O. Simonds, against the defendant, Norwich Union Indemnity Company, both to reform a policy of insurance, one to recover the amount of a judgment for $1,961.64 for the death of Vivian Hartigan, who was run over and killed by an auto owned and driven by Edgar T. Jackson, the other to recover the amount of a judgment for $1,800 for personal injuries sustained by the son of the plaintiff Simonds in the same accident. Executions were issued against Jackson and were returned unsatisfied. He is insolvent. Demand was made upon the defendant insurance company, and it refused to defend the suits and later it refused to pay the damages which the jury awarded against Jackson. The question presented is whether the policy of insurance issued by the defendant, dated March 12, 1929, which covered Jackson's auto and named Sverre A. Olsen as its owner, should be reformed so as to name Jackson as the owner.

The court made findings of fact and conclusions of law directing a reformation of the policy as asked by the plaintiffs and a recovery of the amount claimed by each. The defendant separately appealed from the orders denying its motions for a new trial.

■ Jackson owned an auto which stood in the name of Olsen. It was a model T Ford. He, Jackson, applied for and paid the insurance on it for the year from October 16, 1928, to October 16, 1929. He traded the model T for a model A. He gave a mortgage on the model A for the difference. He instructed Worcester, the agent of the defendant at Duluth, to have the insurance for the new auto in his name, and returned the policy on the old auto to Worcester. The insurance coming from the old policy was to be applied on the new.

It is conceded that the title to the new auto was in the name of Jackson. He had a bill of sale from the owner. This bill of sale, so he says, he gave to Worcester to help in making out the data for the new policy, and that Worcester had all the papers at hand. Worcester denies any arrangement for the substitution of the name of Jackson in the new policy, and when he made it out he put Olsen in as owner.

The trial court found:

"That said policy of insurance was issued in the name of one Sverre A. Olsen; that it was issued for the unexpired term of a similar policy issued on or about October 16, 1928, in the name of said Sverre A. Olsen on a different automobile than the one described in said policy dated March 12, 1929, which said latter automobile was also owned by said Edgar T. Jackson; that the issuance of said policy dated March 12, 1929, in the name of said Olsen instead of in the name of said Jackson was due to the inadvertence and mistake of the said defendant and was contrary to the instructions of said Jackson to said defendant; that at all times after on or about January 10, 1929, it was the intention of the defendant and of said Jackson to insure said Jackson as the owner of the automobile described in said policy of March 12, 1929, against liability to others growing out of its operation by said Jackson; and that said Olsen never had any interest in either automobile described in either of said insurance policies dated October 16, 1928, and March 12, 1929, nor in either of said policies."

Aside from the testimony of Jackson and Worcester, there was none of great importance. There were a few circumstances making one way or the other. The question was one of fact for the court. It could believe one witness rather than the other, and the record does not indicate that the finding was not one properly made.

■ To reform a written instrument the evidence must be clear, persuasive, and convincing; or the same thought may be expressed in different words, but they must not go so far as to require proof beyond a reasonable doubt. Sloan v. Becker, 34 Minn. 491, 26 N. W. 730; Wall v. Meilke, 89 Minn. 232, 94 N. W. 688; Young v.

Baker, 128 Minn. 398, 151 N. W. 132; Mahoney v. Minnesota F. M. Ins. Co. 136 Minn. 34, 161 N. W. 217; Logue v. Duchene, 185 Minn. 337, 241 N. W. 51. No hard and fast rule applicable to every case can be stated. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8347. Just what amount of evidence satisfies the requirements of the rule is difficult of statement. The trier of fact must be satisfied to the degree of certainty stated, and the law must determine that the evidence offered is enough to justify the finding by the character of proof required. The rule is at least a warning to the trier of fact, judge or jury, that the issue upon which a finding is sought is such that care should be exercised, an issue which is a little out of the usual, for, as here, the plaintiffs seeking a recovery present a paper not authorizing it and ask that it be changed so that they may recover. The question is discussed beyond needed consideration here in 5 Wigmore, Ev. (2 ed.) § 2498(3), and the cases are collected there. In Southard v. Curley, 134 N. Y. 148, 31 N. E. 330, 16 L. R. A. 561, 30 A. S. R. 642, cases are gathered showing what have been thought proper phrases to express the required degree of proof.

■ In applying this rule, effect is still given to the rule that the court will not on appeal disturb the findings of the trial court unless they are manifestly contrary to the evidence viewed as the trial court should view it. Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; Foster v. Brick, 121 Minn. 173, 141 N. W. 101; Murphy v. Anderson, 128 Minn. 106, 150 N. W. 387; Young v. Baker, 128 Minn. 398, 151 N. W. 132; In re Estate of Mollan, 181 Minn. 217, 232 N. W. 1; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 411.

Orders affirmed.