## PATRICK KEOGH v. SHARON TOWNSHIP MUTUAL FIRE INSURANCE COMPANY.[1]

December 6, 1935.

No. 30,582.

*Edwin C. Kraus* and *Gallagher, Madden & Gallagher,* for appellant.

*Charles C. Kolars,* for respondent.

HOLT, JUSTICE.

Action to reform a fire insurance policy issued by defendant so as to include a hog house and to recover for its destruction by fire. The court made findings reforming the policy and awarding plain-

[1]Reported in 263 N. W. 601.

tiff $500 and interest for the total destruction of the hog house. Defendant appeals from the order denying its motion for a new trial.

Defendant is organized as a mutual township insurance company. For some time prior to May 1, 1925, it had insured the various buildings and personal property on plaintiff's farm in Le Sueur county. The insurance was renewed and a new policy issued as of that date. There was then on the farm a new hog house, erected, after the old policy issued, which plaintiff asked to be covered by the new policy to the amount of $500. He also desired that the dwelling house be insured for $3,000 instead of $2,000 as in the old policy, the several other items to carry the same amounts as in the old policy. The agent made out the application, and no doubt he intended to write it as plaintiff requested. But it appears that the hog house was omitted and $500 more placed on the dwelling than the agreed amount of $3,000.

The right to reformation in the instant case must be predicated upon mutual mistake; there is no evidence of fraud or inequitable conduct on the part of defendant or its agent. In Mahoney v. Minnesota Farmers Mut. Ins. Co. 136 Minn. 34, 161 N. W. 217, the rule as to the proof required in order to reform an insurance policy on the ground of mutual mistake is clearly stated and prior decisions of this court cited. In Hartigan v. Norwich Union Ind. Co. 188 Minn. 48, 246 N. W. 477, 478, after stating that to reform a written instrument the evidence must be clear, persuasive, and convincing, the late Mr. Justice Dibell says [188 Minn. 51]:

"The trier of fact must be satisfied to the degree of certainty stated, and the law must determine that the evidence offered is enough to justify the finding by the character of proof required. * * * In applying this rule, effect is still given to the rule that the court will not on appeal disturb the findings of the trial court unless they are manifestly contrary to the evidence viewed as the trial court should view it."

Whether the parties reached an understanding that the hog house should be covered by the new policy was for the trial court. If they did, the conclusion is not difficult to reach that because of

mutual mistake the application for the insurance and the policy failed to include it. The evidence appears very clear and convincing that the parties agreed that the dwelling was to be reinsured for $3,000. The fact that instead of $3,000 the policy is made out for $3,500 suggests that a mistake was made by the agent in reducing the agreement to writing, the $500 increase in the total amount of insurance being erroneously placed upon the dwelling in place of the hog house. The court could well take into consideration the fact that an agent writing applications for insurance and reinsurance cannot carry in his memory for years a vivid recollection of the different transactions, whereas the owner of the property personally interested in its protection is more likely to retain a more correct and lasting impression of what transpired in that regard. And the agent was careful to qualify his testimony that "to the best of his recollection" the hog house was not insured.

The policy contains some nine or ten items of property. Some time after it was issued plaintiff had occasion to cancel the insurance as to some of the items. In order to do so he took the policy from the safety deposit box and sent it to defendant to have those items eliminated therefrom. He did not then examine the policy sufficiently to discover the error in respect to the hog house and the dwelling. Defendant rightfully stresses this fact in support of the claim that there was no mistake in the policy. In excuse it may be said that the property plaintiff wished to eliminate was personal property and not any of the buildings, and it is conceivable that with his mind bent upon certain items others of a different character escaped his notice. Defendant contends that negligence in not discovering the mistake in the policy precludes reformation, citing Central State Bank v. Royal Indemnity Co. 167 Minn. 494, 210 N. W. 66. It is submitted that that decision supports plaintiff's contention rather than defendant's, for it calls attention to Norman v. Kelso Farmers Mut. F. Ins. Co. 114 Minn. 49, 52, 130 N. W. 13, wherein is quoted with approval this from Hay v. Star F. Ins. Co. 77 N. Y. 235, 240, 33 Am. R. 607:

"The negligence of the plaintiff in not discovering the change and laches, in not sooner seeking relief, are questions which make

578

the propriety of granting relief in a given case, discretionary. * * * Policies of fire insurance are rarely examined by the insured. The same degree of vigilance and critical examination would not be expected or demanded as in the case of some other instruments."

The defendant has not suffered by the reformation as far as premiums are concerned. For the $500 erroneously placed on the dwelling defendant has up to the trial collected its premium. It would have received no more had the dwelling been insured for $3,000, the amount unquestionably agreed upon, and the hog house for $500.

We think all of defendant's assignments of error are ultimately directed to the proposition that the evidence does not warrant the reformation of the policy so as to cover the hog house. Hence no further discussion of the evidence is deemed necessary. Our conclusion is that the findings made have sufficient support and should not be disturbed.

The order is affirmed.