THOMAS, et al., Appellants, v. JOHNSON, et al., Respondents

(29 N. W.2d 490.)

(File No. 8916. Opinion filed November 14, 1947.)

**Caldwell & Burns,** of Sioux Falls, for Plaintiffs and Appellants.

**T. R. Johnson,** of Sioux Falls, for Respondents other than Ellen Johnson.

HAYES, J. This suit was instituted for the purpose of obtaining an adjudication of adverse claims of ownership to a strip of land 10½ feet wide and extending across the full widths of what we will refer to in this opinion as lots 1 and 2 and to quiet title to said strip in plaintiffs.

These two lots comprise an area of approximately 152 by 88 feet, the south line thereof being slightly less than the dimension first given, which area is bounded on the north by 3rd Street and on the east by Indiana Avenue in the City of Sioux Falls. Lot 1 is the corner lot with a frontage of 44 feet on Indiana Avenue and lot 2 lies south and adjacent thereto with a like frontage on the avenue. A plat of these lots, conceded by the parties to be correct, discloses that 3rd Street, running east and west, does

not extend beyond the northwest corner of lot 1 on the line of said lot and that an alley ten feet wide, running parrallel with Indiana Avenue, is the western boundary of both lots. It also appears from said plat that fences and buildings of the owner or owners of the property lying west of said lots and across the alley have been constructed or placed so as to extend into and upon said alley an average distance of two feet.

It further appears from the plat above mentioned and from undisputed testimony before the trial court that for a considerable number of years the westerly eight feet of said lots 1 and 2 and the east half of the strip platted for an alley have been used for alley purposes. One witness, the city engineer, testified that such had been the situation for more than twenty years.

The facts which gave rise to the conflicting claims of ownership are not in dispute. The common grantor of all parties litigant is Ellen Johnson, one of the defendants. She acquired title to the lots in question in 1934 by deed from her husband who had first held the same as owner thereof in 1915. A one-story dwelling had been erected on the westerly part of lots 1 and 2, facing 3rd Street, prior to the acquisition of the premises by Gust C. Johnson, deceased husband of Ellen Johnson. The east wall of said dwelling is 55.8 feet from the western boundary of said lots 1 and 2. An open porch or stoop attached to and near the rear of the dwelling on the east side thereof and a narrow walk from the front of the dwelling to and around said stoop occupy an additional space of 6.2 feet. Consequently, the dwelling, stoop and walk extend to the east of the western lot lines a distance of 62 feet.

Plaintiffs first occupied the dwelling above described as tenants in 1925. They continued such occupancy until October, 1938, when they entered into a contract to purchase the same from Ellen Johnson and remained in possession. The contract described the property as the west 52 feet of said lots 1 and 2. In July, 1940, Ellen Johnson conveyed to plaintiffs as per the contract description adding the words "according to the recorded plat thereof". At the time when

plaintiffs acquired title to said property there was tendered to them an abstract of title to which was attached a drawing indicating that said lots 1 and 2 were 140 feet instead of 152 feet east and west. A firm of reputable attorneys found from said abstract that title to the west 52 feet of said lots 1 and 2 was in plaintiffs, subject to stated encumbrances and a sewer easement. No survey of the lots was made nor were measurements taken of the area deeded to plaintiffs at the time of transfer.

Ellen Johnson defaulted in the action and took no part in the trial proceedings. It does not appear that any of the parties sought to have her testimony in the record. One of her daughters testified to the effect that the condition of her health was such that she was not able to come to court. Over objection on the part of the contesting defendants plaintiffs were permitted to testify that Ellen Johnson and her deceased husband had each declared to plaintiffs that the eastern boundary line of the west 52 feet of said lots was "right along the east end of the sidewalk." It is altogether clear that the walk and stoop were used in connection with the dwelling during all of the period while plaintiffs occupied the premises as tenants, purchasers and owners. During all of this same period a dwelling house stood upon the easterly ends of each of said lots 1 and 2 facing Indiana Avenue.

The Schumachers and Arnes, defendants and cross-complainants, acquired the titles to the easterly parts of said lots 1 and 2 respectively by virtue of separate transfers in which the areas conveyed were described as the east 100 feet of said lots. Said transfers were made in 1943. No survey was made nor were any measurements taken to determine the depth or western line of the area sought to be conveyed to these defendants prior to the transfers to them. A survey made in 1945 disclosed that part of plaintiffs' house and the stoop and walk were not within the lines of the area as described in the contract of purchase and deed to the latter and that plaintiffs were occupying and enjoying the west 10 feet of the area described in the transfers to these defendants and an additional space marked

off by the picket fence and a hedge to the rear of said fence. The contesting defendants asserted title to the areas according to the calls of the deeds to them and by their cross-complaint sought to have said title quieted in them. The trial court entered findings and a judgment in favor of said defendants, the latter decreeing that plaintiffs were bound by the description in the deed to them and that plaintiffs' cause of action be dismissed on the merits. The appeal to this court is from the findings and judgment adverse to plaintiffs and from the refusal of the trial court to adopt findings and judgment as proposed by the plaintiffs.

By findings of fact I and II the trial court found that the Schumachers and Arnes are in possession of the east 100 feet of the lots in question and that these defendants are the owners in fee thereof and have title thereto. Each of the defendants testified that they claimed the east 100 feet of the lots as conveyed to them but it is not at all disputed that the plaintiffs have been in the open and continuous possession of the westerly 10 feet of the described area since 1925 as heretofore recited in this opinion. The findings of possession by these defendants, or any them, of the area in dispute are wholly unsupported in the record. It clearly appears that none of the defendants asserted any right to the disputed area until after the survey in 1945.

The decisive question presented by this appeal is whether the designation of the eastern line of plaintiffs' property by Ellen Johnson was thereafter binding upon the contesting defendants. The trial court, as above pointed out, adopted the negative view of this proposition. Plaintiffs contend that they are entitled to the west 62½ feet of the lots in question by virtue of the line designation to them by the Johnsons and for the further reasons that the deed from Ellen Johnson was intended to convey to plaintiffs that part of the area long used as a unit for dwelling purposes and that the contesting defendants, having purchased with notice of plaintiffs' occupancy, cannot be heard to assert ownership to the area in dispute. Defendants contend that the calls of the several deeds determine the rights of all parties. No question was presented to the trial court re-

specting the manner by which plaintiffs chose to submit their claim of ownership.

Our attention is directed to the case of Gould v. Nolen, 51 S. D. 472, 214 N. W. 853, wherein it was held that reformation may not be made unless it clearly appears that the minds of the contracting parties did not meet upon the proposition expressed in the contract, and that the actual contract made between the parties was other and different from that set forth in the writing, and that the writing came through fraud or mistake, and that plaintiff was not negligent. In the reported case it is pointed out that Nolen had stated that he did not know just where the west line of the property he was selling would come and that the garage was over some on the west half of the property. The opinion found the evidence insufficient to establish an agreement between the parties whereby Nolen was to convey more than 75 feet.

The facts here very readily distinguish this case from Teutsch v. Hvistendahl, 72 S. D. 48, 29 N. W.2d 389, and Gould v. Nolen, supra. In 1925 the defendant Johnson pointed to the line of the property and placed plaintiffs in possession thereof. Thirteen years later these parties entered into a contract of purchase and sale each having in mind the exact area and structures plaintiffs had for that period enjoyed as their home. The purpose of the deed to plaintiffs was to convey to them that same area and we are satisfied that Ellen Johnson had no thought of doing anything less or different when she dealt with the Thomases. She intended to convey and the plaintiffs rightly expected to receive that which had been the subject of their common dealing for fifteen years. The minds of the parties had met but through mistake the contract and deed, drawn to carry out the understanding reached, failed to embrace that which the parties intended and had agreed upon.

It appears altogether clear to us that as against defendant Johnson the plaintiffs are to be regarded as the equitable owners of the area to the line designated. The contesting defendants stand before the court upon the calls of the deeds to them and nothing more. They purchased the property

east of plaintiffs' home with full notice of plaintiffs' occupancy of said home, and of the appurtenances thereto, and with notice of the rights under which plaintiffs exercised and enjoyed such occupancy. These defendants make no showing that prior to their purchases they sought to ascertain the western line of the areas they acquired or that they, or any of them, had in mind at any time the acquisition of any part of the area upon which rested the plaintiffs' home, stoop and sidewalk. They did not question plaintiffs' possession and asserted ownership until discovery of the error in conveying. We think that in equity and good conscience the defendants should not be heard to say now that they bought and have title to parts of lots 1 and 2 other than the areas of said lots lying east of the easterly edge of the walk mentioned and described in this opinion. In support of this view we adopt as applicable to the facts in this case the rule of law applied in Herse v. Questa, 100 App. Div. 59, 91 N. Y. S. 778; Maes v. Olmsted, 247 Mich. 180, 225 N. W. 583; Roetzel v. Rusch, 172 Okl. 465, 45 P.2d 518. Although the facts in the cited cases are not as we find them in the case before us, we cannot escape the conclusion that it would be inequitable to hold that defendants, who purchased with notice of plaintiff's rights, now stand in a position to deny to plaintiffs the recognition and relief to which they were equitably entitled prior to the time of defendants' purchases.

The picket fence and hedge present another problem. It appears that the fence and at least part of the hedge are east of the sidewalk and not within the line agreed upon by plaintiffs and the Johnsons. The plaintiffs are entitled to no property east of the easterly line of the sidewalk.

The judgment is reversed, all Judges concurring.